JOHN LUCAS, ADMINISTRATOR *de bonis non* OF THE ESTATE
OF TIMOTHY MURPHY, DECEASED *v.* SAMUEL
TODD, *et al.*

RESIGNATION OF AN ADMINISTRATOR OR EXECUTOR.—If the administrator or exec-
utor of an estate resigns his trust, and an order is made by the Probate Court
accepting the resignation, and the resignation and order of acceptance are in
proper form, when the proceeding is collaterally questioned in another Court, the
presumption is, that the order accepting the resignation ʻwas properly made, and
that the executor or administrator had settled his accounts and delivered up all
the estate to some person appointed by the Court.

JUDGMENTS AND ORDERS OF PROBATE COURT. — When the Probate Court has
jurisdiction of the subject matter, all intendments are, under the statutes of Cal-
ifornia, in favor of the correctness of the action of the Court, the same as in other
Courts of record.

SAME.—One attacking a judgment or order of a Probate Court made within the
scope of its jurisdiction, must affirmatively show error.

COMPLAINT IN AN ACTION BROUGHT BY AN ADMINISTRATOR.—A complaint in an
action brought by an administrator, who has been appointed after the resignation
of a former administrator, is sufficient, if it avers the issue of letters to the former
administrator, that he qualified and entered upon the discharge of the trust, that
he resigned, and his ʻresignation was accepted by the Probate Court, and that the
plaintiff was afterwards appointed administrator, and qualified, and that letters
were issued to him.

PETITION FOR LETTERS OF ADMINISTRATION.—A petition for letters of administra-
tion is sufficient, if it states facts showing that the petitioner is one of the persons
entitled to administer.

APPOINTMENT OF ADMINISTRATOR.—The amount and value of an estate are ʻnot
jurisdictional facts in an application for letters of administration.

DEFENDANT CANNOT QUESTION HOW ADMINISTRATOR CAME BY NOTE.—When an
administrator has qualified, and received letters, he is entitled to the assets of the
estate wherever they may be; and if he has obtained possession of a note, no
matter from whom, the defendant cannot, in action brought on it, object that it is
not properly in his custody.

ORDERS OF PROBATE COURT NOT TO BE REVIEWED IN COLLATERAL ACTION.—
The Supreme Court will not, in an action brought by an administrator, review the
action of the Probate Court in ascertaining the value of the estate and fixing the
amount of the administrator's bond.

APPEAL from the District Court, Seventh Judicial District,
Marin County.

The complaint averred that Timothy Murphy died in 1853,
in Marin County, leaving a will, by which he appointed James
Black and James Miller his executors, and that the will was
probated; that in 1854 they qualified; that letters were

issued to them, and they entered on the discharge of the duties of the trust, and continued to act until 1S56, when they resigned, and their resignation was accepted by the Probate Court; that plaintiff was a nephew of deceased, and in 1858 was appointed by the Probate Court of Marin County administrator of the estate, and qualified, and letters were issued to him, and that he was still administrator.

The action was brought on a bond made by defendant Todd to the former executors, for money held by them belonging to the estate and loaned to Todd, and to foreclose a mortgage given to secure the bond.

Defendants first demurred, and after the demurrer had been overruled, answered. The answer denied that the former executors duly resigned or were discharged from their trust as executors, and also denied that letters were duly issued to plaintiff, or that he qualified, or that Black and Miller delivered the bond sued on to plaintiff, or that he was entitled to collect or receive the money due on the bond. The answer set up as new matter, that it appeared from the report of the executors that the bond was of the value of eight thousand dollars, and that when plaintiff was appointed no showing was made of the value of the bond, and that the administrator was required to give a bond in the sum of four thousand dollars only.

Plaintiff had judgment in the Court below, and defendants appealed.

*S. F. & J. Reynolds,* for Appellants.

The demurrer was well taken, and should have been sustained.

Black and Miller were never legally discharged from their office and trust as executors, and were, at the time of the attempt to grant letters to Lucas, the executors of the will, and the only persons entitled to the possession of the estate, and to administer it and execute the trusts of the will.

Section one hundred of the Probate Act (Wood's Dig. p. 400) authorizes an executor, by writing filed in the Probate

Court, to resign his appointment, "*provided he shall first settle his accounts and deliver up all the estate to such person as may be appointed by the Court.*"

It is very clear that before an executor can resign his trust, and before the Probate Court can accept the resignation, so as to relieve him from his duties and responsibilities as such executor, two things must plainly appear to have been done. First—A full settlement of the executor's accounts, showing the true condition of the estate, and how much and what part of it is unadministered. Second—That the Court has appointed some other person competent and qualified to receive the estate and finish the administration and execute the trusts. Without these the Court has no power or jurisdiction to discharge the executor, and any attempt to do so by the Probate Court would be void, and confer no power upon the appointee.

The complaint shows that the executors were discharged, if at all, in September, 1856. That discharge only appears as the result of the acceptance of the resignation on that day. The complaint does not show that they had rendered any account of their doings as such executors, or that any action was ever taken by the Probate Court as to their accounting; nor does it appear from this complaint how much, if any, property was in the hands of the executors at the time they undertook to resign, or when Lucas claims to have been appointed. This is manifestly necessary; for after they are discharged, the Court has no further power over them.

*Watkins & Wise*, for Respondent.

By the Court, SAWYER, J.

More than a year elapsed after the entry of the judgment appealed from before the appeal was taken. The appeal from the judgment, therefore, was not in time.

On the appeal from the order denying a new trial, the appellant relies, substantially, upon the insufficiency of the

evidence to show that Lucas is the administrator of Murphy. The question is raised in various forms, as upon rulings of the Court admitting portions of proceedings in the Probate Court, and as to the effect of the evidence when admitted, but the substantial question is, as to the sufficiency of the evidence to sustain that issue.

Letters testamentary had been issued to James Miller and James Black upon the same estate. Miller filed his resignation September 13, 1856, and Black his, August 26, 1856. The resignation of the former was formally accepted by an order to that effect entered by the Probate Court, September 22, 1856, and of the latter, August 27, 1856. Both the resignations and the orders of acceptance are in proper form. It is insisted, however, that these orders are void, because it does not appear that the executors had settled their accounts, and delivered up all the estate to some person appointed by the Court. It does not appear that they had not performed these acts, and it is not shown that the entire proceedings of the Probate Court are in evidence. The Probate Court had jurisdiction of the subject matter, and even conceding that the proceeding can be collaterally questioned, it is not to be presumed that the orders accepting the resignations of the executors were improperly made. All intendments must be in favor of the action of the Court, the same as in other Courts of record. (Wood's Dig. 912; *Irwin* v. *Scriber*, 18 Cal. 503.) But there is in the record a decree of final settlement of the accounts of Miller and Black as executors, entered July 30, 1856, in which it is adjudged that the debts of the estate and expenses of the administration have all been paid, and the property all distributed, except the bond and mortgage now in suit, and that there is a considerable sum due the executors for over payments. And there is other testimony that, on the resignation of the executors, Black delivered the bond and mortgage and all other papers to the Probate Court, and it is now found in the possession of plaintiff.

The petition of plaintiff for letters of administration *de bonis non* states all the jurisdictional facts and gave the Court juris-

24

diction of the case.   The duty of ascertaining the value of the
property of the estate, and fixing the amount of the adminis-
trator's bonds with reference thereto, is devolved upon the
Probate Court, and we must presume that the Court dis-
charged that duty properly, at least till the contrary is shown.
We have no evidence that the value of the bond and mortgage
in suit was more than half the amount of the bond fixed by
the Probate Court.   It may have been worthless.   It is at
least doubtful whether we can collaterally review the action
of the Probate Court in this respect.   The amount and value
of the estate are not jurisdictional facts.   We think the evi-
dence shows that the plaintiff is the administrator *de bonis non*
of Murphy, and as such entitled to maintain the action.

Judgment affirmed.

By the Court, SAWYER, J., on petition for rehearing.

The complaint is sufficient.   We supposed our opinion was
sufficiently indicated on this point in discussing, substantially,
the same questions raised by counsel on the rulings made upon
the trial.

The petition of Lucas for letters states, that the applicant
is a nephew of the deceased, and a nephew is one of the per-
sons entitled to letters.   There may be others having prefer-
ence, and if so, on application of a nephew for letters, the
persons entitled to be preferred may appear, under section
sixty-one of the Probate Act, and contest the application or
assert their own rights on that ground.   Even other persons,
" not entitled," may be " competent," and letters may be
granted to such person on " the request of the person entitled."
" The request shall be in writing and shall be filed in the
Court."   (Sec. 66.)   The Act does not say that the request
shall be stated in the petition.   It would be well to state in
the petition all the facts upon which petitioner relies to entitle
him to letters in preference to other parties.   But we think
the petition of Lucas states " all the facts essential to give the
Court jurisdiction of the case."

It is unnecessary to determine, whether the Probate Court was the proper custodian of the bond from the time of the acceptance of the resignation of the former executors till the appointment of plaintiff, or not.

The resignations of the executors respectively were accepted by the Court, and there is nothing to affirmatively show that these proceedings are invalid. When Lucas was appointed administrator *de bonis non*, he became entitled, as such administrator, to the possession of the assets of the estate, wherever they might be, and he has obtained possession—no matter from whom—of the instrument in suit. He is now the proper custodian, and entitled to maintain this action.

This is not an appeal from an order, or judgment of the Probate Court, and it is not our province to collaterally determine in this case whether the Probate Court erred in ascertaining the value of the estate and fixing the amount of the administrator's bond. The Probate Court had jurisdiction of the subject matter, and it determined the question of the value of the property and fixed the amount of the administrator's bond upon the evidence before it. If the Court erred, its action must be reviewed in some other mode.

Rehearing denied.