[No. 11038.   In Bank. — July 30, 1886.]

JUAN M. LUCO et al., Respondents, v. COMMERCIAL BANK OF SAN DIEGO et al.   JUAN DE TORO, Administrator, etc., of Agustin Olvera, Deceased, Appellant.

Estate of Decedent — Specific Performance — Contract for Sale of Land — Judgment against Executor after Resignation — Heirs not Bound. — Where an action for the specific performance of a contract for the sale of land is brought against a defendant as the executor of the will of the deceased vendor after the resignation of his executorship has been accepted by the Probate Court, and without joining the heirs of the deceased, a judgment rendered therein against him as executor does not bind the heirs.

Id. — Order Accepting Resignation of Executor — Presumption of Regularity. — An order of the Probate Court accepting the resignation of an executor and discharging him from his trust is presumed to be regular, and cannot be collaterally attacked.

APPEAL from an interlocutory decree of the Superior Court of San Diego County, and from an order refusing a new trial.

The action was brought for the partition of certain lands in the county of San Diego. The lands in question originally belonged to one Agustin Olvera, whose title the parties interested in the appeal each claim to have acquired. The plaintiff Luco and those holding under him claim under the judgment referred to in the opinion. The appellant claims as the administrator of the estate of Agustin Olvera. The further facts are stated in the opinion of the court.

*Works & Titus,* and *Smith, Brown & Hutton,* for Appellant.

The judgment purporting to be rendered against the executor after his resignation had been accepted was void as against the estate or the heirs of Olvera. (*Griffith* v. *Frazier,* 8 Cranch, 9; *Kane* v. *Paul,* 14 Pet. 33; *Lewis* v. *Nichols,* 38 Tex. 54; 3 Wait's Actions and Defenses, 268, 269.) The order accepting the resignation was not void, and cannot be collaterally attacked. (*Haynes* v. *Meeks,* 10 Cal. 110; S. C., 70 Am. Dec. 702; *Lucas* v. *Todd,* 28 Cal. 182; *Haynes* v. *Meeks,* 20 Cal. 288; *Ramp* v. *McDaniel,* 12 Or. 108.) The title of the heirs of Olvera could only be divested by making them parties to the action. (Pomeroy on Remedies, secs. 366–368; *Watson* v. *Mahon,* 20 Ind. 223; *Potter* v. *Ellice,* 48 N. Y. 321; *Brenham* v. *Story,* 39 Cal. 179; *Johnson* v. *S. F. Sav. Union,* 63 Cal. 554; *Morgan* v. *Morgan,* 2 Wheat. 290; *Buck* v. *Buck,* 11 Paige, 170.)

*Levi Chase, W. J. Hunsaker, Thomas J. Arnold, A. B. Hotchkiss,* and *H. P. Irving,* for Respondents.

The judgment against the executor was binding on the heirs. (*Carpentier* v. *Oakland,* 30 Cal. 446; Code

Civ. Proc., secs. 369, 1582, 1600, 1602, 1603; *Cunning-ham* v. *Ashley*, 45 Cal. 491; *Meeks* v. *Vassault*, 3 Saw. 206; *Bayley* v. *Meeks*, 11 Pac. C. L. J. 408.)

Myrick, J.—The question involved in this appeal is, whether a judgment in favor of Luco against one Castro Olvera as executor of the last will of Agustin Olvera is valid so as to bind the heirs and devisees of the testator.

Agustin Olvera in his lifetime made a contract for the conveyance to Hartman of an interest in real estate. Agustin died testate, and Castro Olvera received letters testamentary, and entered upon the duties of his office. Luco, assignee of the contract, brought an action against Castro, as executor, to compel the execution of a deed according to the terms of the contract. Castro was served with summons. He failed to answer, and judgment was rendered in accordance with the prayer of the complaint. The suit was commenced October 15, 1880. Prior to the commencement of the suit, viz., February 11, 1878, an order was made by the Probate Court in which were pending the proceedings for the settlement of the estate of Agustin Olvera, deceased, in which order it was stated that Castro had tendered his resignation, and had rendered a full and true account of his executorship, and his resignation was accepted, and his accounts as rendered approved, settled, and allowed; and the court "ordered, adjudged, and decreed that said letters of executorship be set aside, and on turning over all the effects and property in his hands to his successor, hereafter to be appointed by this court, and upon filing a receipt in full," etc., that he be discharged. No successor was appointed until after the decree in the suit of *Luco* v. *Olvera*. It thus appears that Castro Olvera was executor during the pendency of that suit, or there was a vacancy in the office. If there was a vacancy, the judgment against Castro did not bind the heirs and devisees of Agustin, and in the case at bar the property embraced within the decree against Castro should not

in this action have been decreed to Luco upon the basis of that judgment.

Section 1427 of the Code of Civil Procedure authorizes any executor or administrator to resign his appointment, having first settled his accounts and delivered up all the estate to the person appointed to receive the same; and if there be delay in settling the accounts and delivering the estate, or from other cause the circumstances of the estate or the rights of those interested require it, the court may before the settlement and delivery is completed revoke the letters, and appoint an administrator either general or special.

The Probate Court had jurisdiction of the subject-matter then before it, viz., the resignation of the executor, and it had jurisdiction of the parties interested. Having such jurisdiction, all presumptions are in favor of the regularity of its proceedings and the validity of its order (Hittell's Gen. Laws, sec. 1229), and the order accepting the resignation cannot be collaterally attacked. (*Haynes* v. *Meeks*, 20 Cal. 288; *Lucas* v. *Todd*, 28 Cal. 185; *Haynes* v. *Meeks*, 10 Cal. 110; S. C., 70 Am. Dec. 702.)

Of the land set off by the decree to Luco, 6,083.2,743 acres constituted the interest claimed by him under the decree against Castro Olvera, and is the interest involved in this appeal. The parties have stipulated that in other respects the partition may proceed. We are of opinion that Luco did not by the suit spoken of acquire the above-named interest.

The decree, so far as it relates to the interest of Luco in the 6,083.2,743 acres is reversed, as is also the order refusing a new trial, and the cause is remanded for a new trial as to such interest.

SHARPSTEIN, J., McKEE, J., ROSS, J., and McKINSTRY, J., concurred.

Rehearing denied.