Submitted Feb. 8, decided Feb. 14, rehearing denied March 14, 1911.

## TITLE ABSTRACT CO. *v.* NASBURG.

[113 Pac. 2.]

JUDGMENT—COLLATERAL ATTACK.

1. A judgment of a court having jurisdiction of the subject-matter and of the parties is immune from collateral attack, however erroneous as a matter of law.

JUDGMENT—WRIT OF REVIEW—NATURE OF PROCEEDINGS.

2. Proceedings under a writ of review constitute a direct proceeding to correct errors of law apparent on the face of the record of an inferior court, officer, or tribunal in exercising judicial functions.

SET-OFF AND COUNTERCLAIM—SUFFICIENCY.

3. Under Section 74, L. O. L., limiting counterclaims to causes of action arising from the contract or transaction sued on and to causes of action on contracts existing when suit was brought, on an action for an abstracter's services, an answer stating that plaintiff, without defendant's consent, made copies for plaintiff's own use of defendant's abstract intrusted to him only to be brought down to date, of stated value, is insufficient as a counterclaim, where it appears that the transactions relied on in the complaint and in the answer occurred at different times.

SET-OFF AND COUNTERCLAIM—SUBJECTS OF COUNTERCLAIM.

4. Under Section 74, L. O. L., limiting counterclaims to causes of action arising from the contract or transaction sued on and to causes of action on contracts existing when suit was brought, conversion, being a tort, cannot be used as a counterclaim to an action on a contract arising out of a separate and independent transaction.

From Coos:   JOHN S. COKE, Judge.

Statement by MR. JUSTICE BURNETT.

This is an action by The Title Guarantee and Abstract Co., a corporation, against Claude Nasburg. The cause originated in a justice's court in Coos County. The plaintiff and petitioner here filed its complaint in the justice's court, which, after stating its corporate character, alleged, in substance, that between certain dates named the plaintiff, at the special instance and request of defendant, upon an account, performed expert work and labor for the defendant to the amount and at the agreed price and for the reasonable value of $17.25, according to an annexed itemized statement made a part of the complaint and demanding judgment for that amount. The itemized statement charges the defendant with sundry blueprints and maps of real property in Coos County and for some abstracts, amounting in value to $17.25. The defendant answered the complaint, admitting the corporate character of the plaintiff as alleged, denying that the plaintiff performed the work and labor named in the complaint to a greater amount than $8.75, and otherwise traverses the complaint *in toto*. For a further and separate answer and as a counterclaim against plaintiff, defendant alleged in substance that on March 20, 1906, the defendant delivered to the plaintiff certain abstracts for the purpose of having them brought down to date and for no other purpose; that the plaintiff accepted the abstracts for that purpose and without the consent or permission of defendant, and contrary to his wishes caused several copies of the same to be made for the use of the plaintiff, and thereby converted to its own use and benefit the information and references therein contained; that the reasonable value of each of the copies, five in number, was $24.50; and that by reason thereof the sum of $122.50 is owing to the defendant from the plaintiff which it refuses and neglects to pay.

The defendant demanded judgment against the plaintiff for $113.75, the balance remaining of $122.50, after deducting $8.75, the amount admitted to be due to the plaintiff. The justice's court overruled a general demurrer to the defendant's further and separate answer. The plaintiff stood on its demurrer. The justice's court heard the testimony of the parties on the issues arising between the complaint and the denials in the answer, found that the plaintiff had established its claim in the sum of $15.75, and, taking the new matter in the answer and counterclaim as confessed, rendered judgment for the defendant and against the plaintiff in the sum of $106.75, with costs and disbursements. Thereupon the plaintiff filed its petition in the circuit court of Coos County for a writ of review, which petition set out in detail all the proceedings of the justice's court, including the pleadings therein, all the orders of the justice's court and its judgment therein, and in its petition specified that the justice's court erred in overruling the demurrer to the counterclaim, in rendering its judgment against the plaintiff for $106.75, and in not rendering a judgment in favor of the plaintiff for the sum of $15.75. The circuit court dismissed the writ of review, from which judgment the petitioner appeals.      REVERSED.

For appellant there was a brief with oral arguments by *Mr. E. H. Joehnk* and *Mr. Charles A. Sehlbrede.*

For respondent there was a brief and an oral argument by *Mr. John D. Goss.*

MR. JUSTICE BURNETT delivered the opinion of the court.

"Any party to any process or proceeding before or by any inferior court, officer, or tribunal may have the decision or determination thereof reviewed for errors therein, as in this chapter prescribed, and not otherwise. Upon a review, the court may review any intermediate order involving the merits and necessarily affecting the

decision or determination sought to be reviewed. \* \*
The writ shall be concurrent with the right of appeal,
and shall be allowed in all cases where the inferior court,
officer, or tribunal in the exercise of judicial functions
appears to have exercised such functions erroneously, or
to have exceeded its or his jurisdiction, to the injury
of some substantial right of the plaintiff, and not other-
wise." Sections 603-605, L. O. L.

1. The judgment of a court having jurisdiction of the
subject-matter and of the parties is immune from col-
lateral attack, no matter how erroneous such judgment
may be as a matter of law. This is the doctrine of
such cases as *North Pacific Cycle Co.* v. *Thomas*, 26 Or.
381 (38 Pac. 307: 46 Am. St. Rep. 636) ; *McFarlane* v.
*Cornelius*, 43 Or. 513 (73 Pac. 325: 74 Pac. 468), and
other cases of like nature cited by the respondent here.

2. But the proceeding under a writ of review is a direct
proceeding to correct the errors of law apparent on the
face of the record of an inferior court, officer, or tribunal
in the exercise of judicial functions. By virtue of such
writ the circuit court is entitled to examine a record
of an inferior tribunal and to determine whether or not
that tribunal exercised its functions erroneously to the
injury of some substantial right of the petitioner for
the writ.

3. The question to be determined in this case, then, is
whether the matter pleaded in the answer of the defend-
ant as a counterclaim is, in point of law, a sufficient
defense or counterclaim to the plaintiff's complaint in
the justice's court. Section 74, L. O. L., lays down the
rule that a "counterclaim \* \* must be one existing in
favor of a defendant, and against a plaintiff, between
whom a several judgment might be had in the action,
and arising out of one of the following causes of action:
(1) A cause of action arising out of the contract, or
transaction set forth in the complaint, as the foundation

Sig. 7

of the plaintiff's claim; (2) in an action arising on con-
tract, any other cause of action arising also on contract,
and existing at the commencement of the action." Sec-
tion 78 also provides:

"The plaintiff may demur to an answer containing new
matter when it appears upon the face thereof that such
new matter does not constitute a defense or counter-
claim."

And this is the ground of the demurrer to the answer
in question. Applying the definition of a counterclaim
quoted above to the answer in question, we discover that
there is nothing in the answer to show that the counter-
claim arose out of the contract or transaction set forth
in the complaint. An examination of the dates alleged
in the complaint and in the answer shows that they
occurred at different times and not as parts of the same
transaction, so that the counterclaim is excluded from
the first subdivision of Section 74. It cannot be classed
under the second subdivision of that section because it
does not profess to arise upon a contract.

4. It avowedly proceeds as upon a tort, for it alleges
that the defendant intrusted certain abstracts to the plain-
tiff for the purpose of having them brought down to date
and for no other purpose; that the plaintiff caused copies
of the same to be made for its own use; and that by so
doing it converted the contents of his abstracts to its own
use. Conversion is a tort and cannot be used as a counter-
claim to an action on contract arising out of a separate
and independent transaction.

The circuit court erred in dismissing the writ, and its
judgment should be reversed. The cause is remanded
to the circuit court, with directions to there enter a judg-
ment in favor of the plaintiff and against the defendant
for $15.75, the amount found by the justice's court to be
due to the plaintiff from the defendant on the cause of

action set forth in the complaint, and for the costs and disbursements of the proceedings in the justice's court and in the Supreme and circuit courts.          REVERSED.