[S. F. No. 8448.   Department Two.—February 23, 1918.]

In the Matter of the Estate of JOHN G. RYAN, Deceased. JAMES REID et al., Appellants, v. H. B. MEHRMANN, Respondent.

Estates of Deceased Persons—Will—Judgment Admitting to Probate—Collateral Attack—Conclusiveness of Adjudication.—A judgment admitting a will to probate which has become final, is conclusive against collateral attack made by a motion to strike the will from the records of the probate court, made upon the ground alleged that the purported will is not a will at all and disposes of no property.

APPEAL from an order of the Superior Court of Alameda County denying a motion to strike a probated will from the records. Wm. H. Wells, Judge.

The facts are stated in the opinion of the court.

George Ingraham, for Appellants.

Abe P. Leach, and Harry E. Leach, for Respondent.

MELVIN, J.—This is an appeal from an order denying the motion of appellants to strike from the records of the probate court the alleged and purported last will and testament of the deceased. It appears that in 1910 appellants filed in the superior court a contest of the will of John G. Ryan, deceased, and a petition for the revocation of the probate thereof. Respondent, Mehrmann, answered, a trial was had upon issue joined, and a judgment and decree was entered in favor of the said Mehrmann finding, among other things, "that said instrument contains the matters and things required by law to be contained and set forth in last wills." Subsequently an appeal was taken by these appellants to this court, and the judgment of the superior court had become final before the present motion was made. The sole contention of appellants is that the purported will is not in reality a will at all and disposes of no property. But this is a question which we need not discuss, because in our opinion the judgment and decree is invulnerable to collateral attack such as that which appellants seek to make

in this proceeding. The superior court, at the time it made the order admitting the will to probate, not only had the instrument before it, but also had the advantage of parol evidence as to the attending circumstances connected with its execution. (*Mitchell* v. *Donohue,* 100 Cal. 202, [38 Am. St. Rep. 279, 34 Pac. 614].) But aside from this fact it is the rule in California that a judgment admitting a will to probate is a judgment *in rem* and may not be thus collaterally attacked. (*Matter of the Will of Warfield,* 22 Cal. 51; *Rogers* v. *King,* 22 Cal. 72; *Estate of Twombley,* 120 Cal. 350, [52 Pac. 815].)

Counsel for appellants seems to pin his faith upon the case of *Blacksher Co.* v. *Northrop,* 176 Ala. 190, [42 L. R. A. (N. S.) 454, 57 South. 743], in which the supreme court of Alabama held that a decree showing on its face that a will admitted to probate was not attested as required by statute is subject to collateral attack. Even if we were to follow the reasoning of that case it would hardly be authority in California, particularly in view of the fact that in the opinion great stress is laid upon the point that the invalidity of the will appears upon the face of the decree, while in the matter at bar appellants sought to show the invalidity of the will by proof *aliunde.* In that case Mr. Justice McClellan filed a very powerful dissenting opinion in which, among other things, he said: "The idea that a decree in a proceeding *in rem* pronounced by a court competently jurisdictioned to so pronounce is absolutely void because it plainly disobeys the law is, it seems to me, a startling proposition, the consequences of which will be if applied, profound, widespread and recurrently surprising. *Res judicata,* as referred to collateral assailment, becomes a shadow merely, instead of a wholesome and imperatively necessary doctrine, if such an idea finally and fully prevails."

With these sentiments we thoroughly agree, but even if we were inclined to follow the reasoning of the majority of the court in that case we would find ourselves confronted by a different doctrine established for many years in California.

It follows that the order appealed from must be affirmed, and it is so ordered.

Victor E. Shaw, J., *pro tem.,* and Wilbur, J., concurred.