[Civ. No. 3299. First Appellate District, Division One.—June 11, 1920.]

## CHARLES A. GIFFEN et al., Appellants, v. CHRIST'S CHURCH (a Religious Corporation), Respondent.

[1] RELIGIOUS CORPORATIONS—SPECIFIC PERFORMANCE OF CONTRACTS—EQUITY.—When a religious corporation neglects or refuses to carry out its contractual obligations by failing or refusing to do or perform certain acts which lie within its power to perform, an action for specific performance against it may be successfully invoked.

[2] ID.—SALE OF REAL PROPERTY BY—NECESSITY FOR COURT ORDER.—A valid sale of real property may not be made by a religious corporation until an order of court authorizing such sale is first had and obtained.

[3] ID.—DENIAL OF ORDER—DISCRETION OF COURT.—The provisions of section 598 of the Civil Code relating to the sale of real property by a religious corporation are not mandatory upon the court, requiring that the court shall in all cases grant an order to sell, but the court may, in the exercise of sound discretion, deny such order.

[4] ID.—AGREEMENT TO SELL REAL PROPERTY—ORDER DIRECTING SALE TO ANOTHER — SPECIFIC PERFORMANCE.—Specific performance of a written agreement by a religious corporation to sell certain real property to a given individual cannot be decreed while there is in force an order, duly made by the superior court of the county, upon proper petition and notice, in a proceeding instituted under section 598 of the Civil Code, directing that the property in question be conveyed by such corporation to another purchaser.

[5] ID.—FRAUD—FALSE TESTIMONY—COLLATERAL ATTACK ON ORDER.—An order, duly made upon proper petition and notice, in a proceed-

ing instituted under section 598 of the Civil Code, directing the conveyance by a religious corporation to a given individual of certain real property, cannot be attacked on the ground of fraud by another purchaser in an independent action for the specific performance of a written agreement for the sale to him of the property; neither may such order be thus collaterally attacked on the ground that it was granted on false testimony, in the absence of a showing of lack of jurisdiction.

[6] ID.—ORDER DIRECTING SALE TO GIVEN PURCHASER—IMPLIED DENIAL OF SALE TO ANOTHER.—Where, in a proceeding instituted under section 598 of the. Civil Code, the court directs a sale of the real property of a religious corporation to a purchaser other than the one named by the corporation in its petition, and for a different consideration than that specified in said petition, such order constitutes a denial of the petition in so far as the purchaser thus presented by the corporation is concerned.

APPEAL from a judgment of the Superior Court of Lake County. Fred H. Taft, Judge. Affirmed.

The facts are stated in the opinion of the court.

Milton K. Young, W. G. Van Pelt and Bertin A. Weyl for Appellants.

R. T. Quinn, T. A. Williams, Overton, Lyman & Plumb and Wm. B. Himrod for Respondent.

KNIGHT, J., *pro tem.*—This is an action to compel the specific performance of an .agreement to convey real estate. At the commencement of the trial defendant objected to the introduction of any ·evidence upon the ground that the second amended complaint failed to state a cause of action. The objection was sustained, and plaintiffs having declined to amend, judgment was rendered in favor of the defendant, from which plaintiffs appeal. The sufficiency of said complaint is therefore the only matter to be considered.

The following are substantially the facts upon which plaintiff's cause of action is based: On July 1, 1918, pursuant to a resolution of its board of directors, respondent, a religious corporation, entered into a written agreement with appellants, whereby it agreed to sell appellants certain real property for the sum of five thousand dollars, subject to encumbrances amounting to sixty-five thousand dollars. Thereafter, on July 1, 1918, respondent petitioned the su-

perior court of Los Angeles County, in accordance with section 598 of the Civil Code, for leave to sell and convey said property. On July 12, 1918, after due notice, said petition came on regularly for hearing, and an order was granted by the court directing the sale to be made, but to a person other than appellants, and for a consideration other than that stated in the petition. It is alleged in said complaint that at all times subsequent to the first day of July up to and including July 12, 1918, respondent by and through its officers and agents represented to appellants that said agreement would be carried out, but that said representations were false, and that between said first day of July, 1918, and the twelfth day of July, 1918, with the intention of avoiding said agreement, the officers of said respondent negotiated with another purchaser for the sale of said real property, and fraudulently concealed from the court the existence of said written agreement between appellants and respondent, and fraudulently represented to said court that respondent was free to accept a bid from a proposed purchaser other than appellants. It is further alleged that the negotiations between the officers and agents of respondent and said other purchaser were concealed by them from the directors of respondent, and that said directors never authorized or directed the sale of said property to any purchaser other than appellants. It is further alleged that unless otherwise decreed said officers and agents will execute and deliver to said other purchaser a deed to said property. Said complaint also embodies the usual allegations necessary to be made in the statement of a cause of action for specific performance of an agreement to sell land, by alleging adequacy of consideration, the performance by appellants of all matters and things required of them to be performed, and their willingness and ability to complete the agreement.

The prayer of said complaint is "that a judgment and decree be made and entered in this case, requiring defendant to apply to the court in which said petition to sell and convey said property is filed, for an order setting aside the order heretofore made, and the making and entry in said proceedings of an order granting leave to sell and convey said property in accordance with said petition and in pursuance of said contract between plaintiffs and defendant, and

that said defendant be further required to fully carry out its said contract with the plaintiffs and to make and execute a grant deed conveying said property unto said plaintiffs,'' and for general relief and costs.

It is the contention of appellants, first, that the action is one for specific performance, and that under the facts alleged in said second amended complaint specific performance may be decreed; secondly, that the order to sell to another was obtained by fraud; and, thirdly, that the provisions of section 598 of the Civil Code limit the power of the court to either grant or deny the petition as filed, and do not authorize the court to direct a sale to a purchaser other than the one named in the petition, or for a different consideration.

[1] It is doubtless the law that when a religious corporation neglects or refuses to carry out its contractual obligations by failing or refusing to do or perform certain acts which lie within its power to perform, an action for specific performance against it may be successfully invoked. (*Bowen et al.* v. *Trustees of the Irish Presbyterian Church etc.,* 6 Bosw. (N. Y.) 245; *Congregation Beth Elohim* v. *Central Presbyterian Church,* 10 Abb. Pr. (N. S.) 485; 34 Cyc. 1162; *In the Matter of the Reformed Dutch Church,* 16 Barb. (N. Y.) 237), but we cannot agree with appellants' contention that under the facts stated in their complaint such a case is here presented, for the reason that under all of the authorities cited, [2] a valid sale may not be made by such religious corporation until an order of court authorizing such sale is first had and obtained. (*Dudley* v. *Congregation of Third Order of St. Francis,* 138 N. Y. 451, [34 N. E. 281].) Such are the plain provisions of section 598 of the Civil Code of this state, and such is the effect of the decisions of the other jurisdictions above cited construing statutes of similar character. [3] The provisions of the statutes upon which those cases are founded, as well as those of our own statute, are not mandatory upon the court, requiring that the court shall in all cases grant an order to sell. The court may, in the exercise of sound discretion, deny such order. (*Bowen et al.* v. *Trustees of Irish Presbyterian Church, supra;* 34 Cyc. 1162, 1163.) [4] Appellants are then in the beginning confronted with the order of the superior court of Los Angeles County, duly made upon

proper petition and notice, directing that the property in question be conveyed by respondent to another purchaser. If the lower court thereafter, in the face of that order, decreed specific performance to appellants, it would have brought about the anomalous situation of having the superior court of Los Angeles County in one proceeding direct that respondent execute and deliver a deed to the property in question to one purchaser, and at the same time having the same court, although a different department thereof, direct that respondent execute and deliver a deed to said property to another purchaser. This, of course, the law will not permit, and it is quite obvious that while the order granted by the superior court in the proceeding instituted under section 598 of the Civil Code remains in force specific performance in this action cannot be decreed.

[5] Appellants seek to have such order annulled for fraud, but the manner in which said order is being attacked, that is, through the medium of a judgment sought to be obtained in this action for specific performance is clearly collateral, and therefore unavailing. (*Baldwin* v. *Foster,* 157 Cal. 643, [108 Pac. 714]; *Estate of Ryan,* 177 Cal. 598, [171 Pac. 297].) Neither does the fact that the order may have been granted on false testimony justify a collateral attack upon said order, in the absence of a showing of lack of jurisdiction. (*Pico* v. *Cohn,* 91 Cal. 129, [25 Am. St. Rep. 159, 13 L. R. A. 336, 25 Pac. 970, 27 Pac. 537]; *Roundtree* v. *Montague,* 30 Cal. App. 170, [157 Pac. 623]; *Bacon* v. *Bacon,* 150 Cal. 477, [89 Pac. 317].)

It is not necessary to consider and determine the remaining contention urged by appellants, namely, that the provisions of section 598 of the Civil Code do not authorize the court to direct a sale of the property of a religious corporation to any other purchaser than the one named in the petition and in the resolution adopted by said religious corporation. [6] We are here concerned only with the issues between appellants and respondent, and since the court in the special proceeding under said section 598 granted the order directing the conveyance to be made to a person other than these appellants, it was in effect a denial of the petition in so far as appellants are concerned (*Estate of Bradley,* 168 Cal. 655, [144 Pac. 136]), and whether or not the

order is valid in so far as it directs a conveyance to such other purchaser is not material here.

Judgment affirmed.

Waste, P. J., and Richards, J., concurred.