[Civil No. 3196. Filed July 2, 1932.]

[12 Pac. (2d) 870.]

ANNA VARNES, Appellant, v. ELLA S. WHITE and STEVEN HENDERSON, Appellees.

Mr. F. L. Zimmerman, for Appellant.

Messrs. Marks & Marks, for Appellees.

LOCKWOOD, J.—Mollie Varnes, hereinafter called decedent, died intestate in 1927, leaving surviving her Lewis Varnes, her husband, and Ella S. White and Steven Henderson, her daughter and son, respectively, by previous marriages. The latter two were over the age of twenty-one years, and are hereinafter called defendants. There was no issue of her marriage with Varnes. Probate proceedings of the estate of decedent were had in due form, Lewis Varnes acting as the administrator. The only property inventoried was lots 5 and 6, block 21 of Collins addition in the city of Phoenix, which were appraised at the sum of $2,000. In July, 1928, the administrator filed his final account and petition for distribution, and the

superior court upon such petition decreed an undivided one-half of the property in question to Lewis Varnes and an undivided one-fourth each to defendants herein. On November 6, 1930, the administrator was discharged, and no appeal has ever been taken from any of the probate proceedings.

On March 14th, 1931, Lewis Varnes, who had remarried, deeded all of the above-described property to Anna Varnes, his then wife, hereinafter called plaintiff, the consideration being love and affection. The deed is in form a warranty, and after describing the property states:

"The said premises are and/or were the community property of myself and Mollie Varnes my deceased wife, who was a widow when I married her and whose name then was Mollie Henderson, and who had two children by Henderson and a former husband, whose names now are Steven Henderson, aged about 47 years, and Ella S. White, aged about 49 years; the said two children being my stepchildren."

On April 1, 1931, plaintiff brought suit to quiet her title in and to all of said lots 5 and 6. Defendants answered with a general denial and then set up in a cross-complaint the death of their mother, the community character of the property involved, and the decree of distribution hereinbefore referred to, asking that their title be quieted to the one-fourth interest respectively assigned to them by such decree.

The matter was heard before the trial court sitting without a jury, and judgment was rendered quieting the title in accordance with the provisions of the decree of distribution, and from this judgment this appeal has been taken.

There are three assignments of error under which plaintiff contends that as a matter of law: First, defendants, on the facts as above stated, had no estate of inheritance from their mother Mollie Varnes in said property, and, second, the decree of distribution

above referred to was void because Lewis Varnes was entitled to have distributed to him under chapter 5, title 6, Revised Statutes of Arizona of 1913, Civil Code, all of said property as a homestead.

Defendants insist that the decree of distribution followed the law, and in addition thereto urge that even if it did not, this proceeding, in so far as it attempts to have plaintiff's title to the interest distributed by such decree to defendants quieted in her, is a collateral attack upon the judgment of a court of competent jurisdiction.

The case presents several interesting points of law, some of which have never been specifically passed upon in this or indeed, so far as we can ascertain, in any other jurisdiction, but we think the matter can and should be determined upon the question of whether or not the decree of distribution entered by the probate court may be successfully attacked in this proceeding. It is, of course, the general rule of law that a judgment rendered by a court of competent jurisdiction is not open to contradiction or impeachment by the parties thereto or their privies in respect to its validity, verity or binding effect, in any collateral action or proceeding, except for fraud, and that even though it be so irregular and defective that it would be set aside or annulled on a proper application for that purpose, it is not subject to collateral impeachment so long as it stands unreversed and in force. *Henderson* v. *Towle,* 23 Ariz. 377, 203 Pac. 1085; *First National Bank of Globe* v. *McDonough,* 19 Ariz. 234, 168 Pac. 640; *Tube City Min. Co.* v. *Otterson,* 16 Ariz. 305, L. R. A. 1916E 303, 146 Pac. 203; 34 C. J. 511.

It is, however, equally true that where a judgment is void for want of jurisdiction it is open to attack in a collateral proceeding. *Brecht* v. *Hammons,* 35 Ariz. 383, 278 Pac. 381; *Hovey* v. *Elliott,* 167 U. S. 409, 42 L. Ed. 215, 17 Sup. Ct. Rep. 841; *Carvell* v. *Weaver,*

54 Cal. App. 734, 202 Pac. 897; 34 C. J. 528. We must therefore determine whether or not the decree of distribution referred to herein is void for lack of jurisdiction. In the case of *Brecht* v. *Hammons, supra,* we stated the three things which must concur to make a judgment valid upon its face. We restate them as follows: The court must have (a) jurisdiction of the subject matter of the case, (b) jurisdiction of the persons involved in the litigation, and (c) jurisdiction to render the particular judgment given. If these matters concur, even though the judgment be erroneous or wrong, so that it could be reversed on appeal or set aside on direct attack, it is not subject to collateral attack. Let us apply these tests to the facts as shown by the record in the case at bar. According to the preponderance of authority, courts of probate, although limited in their sphere to matters pertaining to the settlement of decedents' estates, yet within their sphere their jurisdiction is generally unlimited and exclusive so that their judgments and orders are entitled to the same presumption of jurisdiction as are those of courts of general and equity powers. This is particularly true when probate jurisdiction is conferred upon a court which has general jurisdiction otherwise, such as our superior courts. *Luco* v. *Commercial Bank,* 70 Cal. 339, 11 Pac. 650; *Reynolds* v. *Brumagim,* 54 Cal. 254; *In re Bell's Estate,* 70 Wash. 498, 127 Pac. 100. That the court had jurisdiction of the subject matter is obvious. The property belonged to the estate of a decedent and necessarily had to be administered in order to establish its freedom from debts and to determine heirship, if for no other purposes.

It is equally true that it had jurisdiction of the persons of the parties. Lewis Varnes was the administrator and defendants were duly notified of the proceedings, and, indeed, rely upon the title established by the decree of distribution. Plaintiff, Anna Varnes,

claiming by reason of a deed from Lewis Varnes made subsequently to the decree of distribution, certainly is bound thereby to the same extent as is her grantor. Nor indeed do we understand that plaintiff questions the jurisdiction either of the person or subject matter, but that her contention is rather that the probate court had no jurisdiction to make the particular decree which it did make. This contention is founded on chapter 5, title 6, *supra,* which contains certain provisions for the support of the family and for a homestead. Paragraph 866, Rev. Stats. Ariz. 1913 (Civ. Code), which is found in that chapter, reads in part as follows:

"Upon the return of the inventory, or at any subsequent time during the administration, the court may, on its own motion, or on petition therefor, set apart for the use of the surviving husband or wife, or, in case of his or her death, to the minor children of the decedent, all the property exempt from execution, including the homestead, selected, designated, and recorded; provided, that such homestead was selected from the common property, or from the separate property, of the persons selecting or joining in the selection of the same. If none has been selected, designated, and recorded, or, in case the homestead was selected by the survivor out of the separate property of the decedent, the decedent not having joined therein, the court must select, designate, and set apart, and cause to be recorded, a homestead for the use of the surviving husband or wife, and the minor children; or if there be no surviving husband or wife, then for the use of the minor children, in the manner provided by law, out of the common property, or if there be no common property, then out of the real estate belonging to the decedent."

Paragraph 870 in the same chapter also provides for the setting aside as a homestead of estates of a certain value under circumstances described therein.

Plaintiff contends that Lewis Varnes had rights under both of these paragraphs. We think, how-

ever, that so far as paragraph 870, *supra,* is concerned, this contention cannot be sustained. It provides that estates of a certain size be set apart "if there be a widow or minor children of the deceased." Since in the present case it is admitted that there was neither widow nor minor children surviving the deceased, the provisions of paragraph 870 have no bearing on this case.

The situation in regard to paragraph 866, *supra,* is however very different. This was apparently taken from California and is found in the statutes of that state as section 1465, Code of Civil Procedure. It has been construed repeatedly by the Supreme Court of that state, and the conclusion as to the duty of a probate court to set aside a homestead thereunder is well set forth in the case of *Phelan* v. *Smith,* 100 Cal. 158, 34 Pac. 667, as follows:

"The right to have a probate homestead carved out of the estate is in the nature of a charge upon the estate, from which the widow, under her right of succession, could no more discharge than she could free the estate from its liability for the debts of her deceased husband. The right is inherent, not in her alone, but in the children as well; and she can no more foreclose their right thereto than she can their rights as heirs to the estate. It is conferred for the beneficent purpose of affording a home in which the minor children may be sheltered and shielded from want. To hold that the widow, or any less than all the parties in interest, can by a conveyance defeat the object of the law, would be a fraud upon the rights of those not joining in such conveyance. To say that the widow may convey her right to such a homestead, and that the grantee takes as a tenant in common with the children, is in effect to say there shall be no homestead. The law consecrates the homestead to a specific purpose, and that purpose can only be accomplished by making it a home for the family."

We have quoted from and followed this rule in the case of *Pauley* v. *Hadlock*, 21 Ariz. 340, 188 Pac. 263, as follows:

"Under paragraph 866, Civil Code, it is made the duty of the court, if no homestead had been selected and recorded prior to the wife's death, to select, designate, and set apart a homestead for the use of the surviving husband and minor children out of the community property. The California courts, in passing upon this same statute, have said:

" 'In *Phelan* v. *Smith,* 100 Cal. 166, 34 Pac. 669, it was said: "The right to have a probate homestead carved out of the estate is in the nature of a charge upon the estate, from which the widow, under her right of succession, could no more discharge it than she could free the estate from its liability for the debts of her deceased husband." The homestead is, in a proper case, a charge upon the estate of the deceased, created by the law, and is one of the burdens upon the community property, subject to which the surviving wife takes her interest therein, equally with the other limitations prescribed by the Civil Code.' *In re Still's Estate,* 117 Cal. 509, 49 Pac. 463.''

If, therefore, the case were before us on an appeal by Lewis Varnes from an order of the probate court refusing to set aside a homestead, we would unquestionably hold that it was the imperative duty of the court to set it aside, either on request of the interested parties or of its own motion. But it does not necessarily follow that the court was without jurisdiction to make the decree of distribution in question.

The nature of the interest of the surviving spouse under paragraph 866, *supra,* is well set forth by the Supreme Court of California in *Re Estate of Moore,* 57 Cal. 437. Therein the court says:

"Before the action of the Probate Court, no *estate* has vested in the family, so far as homestead is

concerned; it is merely a right to have the Court, as a part of the administration, set apart property; and not until such action can it be said 'that any *estate* has become vested, either at law or in equity. The right to have a homestead set apart is no estate, either in law or in equity. As the Court said, in *Bates* v. *Bates,* 97 Mass. 395: 'The estate of homestead is one of a peculiar nature. It is a provision by the humanity of the law for a residence for the owner and his family.' "

Lewis Varnes, therefore, when he made the deed on which plaintiff relies, had no estate or property in the lots involved in this case other than the one-half interest belonging to him as the survivor of the community. All he had was a right to acquire an estate by order of the probate court, and until such estate was established in that manner, there was no estate in the property itself. It is doubtless true as a matter of law the probate court should have set aside a homestead for him if none had already been selected, but it is equally true 'that the court had jurisdiction to make a decree of distribution of an estate which was properly in its charge, even though such distribution was not made in the manner provided by law. A judgment cannot be collaterally impeached because it was based on a mistake of law, any more than if based on a state of facts. *American Exp. Co.* v. *Mullins,* 212 U. S. 311, 15 Ann. Cas. 536, 53 L. Ed. 525, 29 Sup. Ct. Rep. 381; *In re Ryan's Estate,* 177 Cal. 598, 171 Pac. 297; *Dickson* v. *Patterson,* 106 Kan. 794, 189 Pac. 912; *Acequia Del Llano et al.* v. *Acequia De Las Joyas Del Llano Frio,* 25 N. M. 134, 179 Pac. 235; *Title Guarantee & Abstract Co.* v. *Nasburg,* 58 Or. 190, 113 Pac. 2; *Heard* v. *Vineyard,* (Tex. Com. App.) 212 S. W. 489.

The cases of *Shaw* v. *Palmer,* 65 Cal. App. 441, 224 Pac. 106, and *Williams* v. *Williams,* 170 Cal. 625, 151 Pac. 10, cited by plaintiff, are not in point. They

refer to cases where the property attempted to be distributed by the probate court had actually vested in the claimant before the death of the decedent. Of course, a probate court cannot take any property, the title to which is actually vested in some person other than the decedent, and give it to another, but since in this case there was no vested estate, but merely a right to have the court make an order granting one, the cases are not applicable.

Nor have the cases of *Iltz* v. *Krieger*, 104 Or. 59, 202 Pac. 409, 206 Pac. 550, and *Leet* v. *Barr*, 104 Or. 32, 202 Pac. 414, 206 Pac. 548, relied upon by plaintiff to sustain her position that the decree of distribution acts neither as a waiver or estoppel as against plaintiff, or her predecessor in interest, any bearing on this case. In those cases the point was raised by a direct appeal from the order of the probate court denying the homestead instead of by an attempt to attack collaterally its decree of distribution. For the foregoing reasons we are of the opinion that the decree of the probate court never having been appealed from or reversed is binding upon the parties as to their interest in the premises in question, and that the trial court in this case correctly rendered the judgment it did.

The judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.