526 P.2d 402

**MARYLAND NATIONAL INSURANCE COMPANY, a corporation,**
Appellant,

v.

**OZZIE YOUNG DRILLING COMPANY, a** corporation, Richard F. Harless, Meredith Harless, his wife, Walter H. Smith and Phyllis Smith, his wife, Appellees.

No. 1 CA–CIV 2442.

Court of Appeals of Arizona,
Division 1,
Department C.

Sept. 17, 1974.

Law Offices of Frederick E. Kallof by Sandra L. Massetto, Phoenix, for appellant.

Cahill, Hanson & Phillips by Bruce M. Phillips, Gregory E. Hinkel, Phoenix, for appellees Harless.

## OPINION

FROEB, Judge.

Judgment was recovered by Maryland National Insurance Co. against Richard F. Harless and Meredith Harless, his wife, on October 27, 1967, for $10,816.59. It was recorded and became a lien against certain real property of the Harless'. The judgment was assigned to Maurice Corrington on September 16, 1969. Richard F. Harless died in 1970 and the judgment was presented as a creditor's claim and approved in the probate proceedings which followed on August 18, 1971. On Decem-

ber 17, 1971, the Probate Court of Maricopa County, in Cause No. 84966, entered a "decree assigning partial estate for use and support of surviving spouse." The subject of the decree was the community real property of the parties known as 301 East Catalina, Phoenix, Arizona. The property was assigned to Meredith Harless, subject to "whatever mortgages, liens or encumbrances there may have been thereon at the time of the deceased's death." In August 1972, Corrington sought to have the sheriff execute upon the judgment by sale of the Catalina property. Thereafter, on October 20, 1972, Meredith Harless filed a homestead exemption upon the property. Harless filed a motion to stay execution on various grounds which was granted by the trial court. From the stay order and judgment dated March 23, 1973, Maryland National Insurance Co. (Corrington) takes this appeal.

There are two issues which we are called upon to determine in this case. First, was the decree of the Probate Court setting over the property to Meredith Harless void for lack of jurisdiction, and, hence, subject to collateral attack in these proceedings? Second, is the homestead statute, A.R.S. § 33–1103, unconstitutional under Art. 2, § 13 of the Arizona Constitution, A.R.S., and Section 1 of the Fourteenth Amendment to the United States Constitution? We take the questions up in the order presented.

The decree in question of the Probate Court dated December 17, 1971, reads:

"DECREE ASSIGNING PARTIAL ESTATE FOR USE AND SUPPORT OF SURVIVING SPOUSE

"It appearing to the satisfaction of the Court that notice of the order requiring all persons interested in said Estate to appear on the 17th day of December, 1971, to show cause why a portion of said Estate should not be assigned for the use and support of the surviving spouse of said Deceased, has been given as required by law and by Order of the

Court, and upon hearing, the Court finds that the value of the real property located at 301 East Catalina, Phoenix, Arizona,[1] and more particularly described as follows:

"Lot 23, Block 1, MAYFAIR ADDITION, as recorded in Book 19, page 50, of the Records of the County Recorder of Maricopa County, Arizona,

"EXCEPT the West 3 feet thereof be, and the same is hereby assigned to, and that the title therof shall vest absolutely in Meredith H. Harless, the surviving spouse of said Deceased, subject to whatever mortgages, liens or encumbrances there may have been thereon at the time of the deceased's death.

"DONE IN OPEN COURT THIS 17th day of December, 1971.

"(Signature by Lawrence
H. Doyle, Commissioner)"

As to the first issue, appellant argues that the findings required by A.R.S. § 14–517[2] must be set forth in its written order and decree otherwise jurisdiction in the Probate Court fails.[3] He points out correctly that if the decree is void it may be collaterally attacked in these proceedings.

There is no controlling rule or decision requiring the findings of a court to be set forth in its written decree or judgment, unless requested prior to a trial or hearing, pursuant to A.R.Civ.P. 52(a), 16 A.R.S. Where no request is made for express findings of fact it will be assumed that the trial court found every issue of fact necessary to sustain its judgment. *Fleming v. Becker*, 14 Ariz.App. 347, 483 P.2d 579 (1971). Findings of fact need not be incorporated in a judgment where none are requested. *Myers-Leiber Sign Co. v. Weirich*, 2 Ariz.App. 534, 410 P.2d 491 (1966). Moreover, A.R.S. § 14–1202(A) states:

"Orders and decrees made by the court need not recite existence of facts or per-

---

1. There is disparity between the wording of the decree as set forth in the Abstract of Record (quoted here) and wording quoted by appellant in its Opening Brief. A copy of the decree itself is not included in the Record. The Brief adds the following: ". . . does not exceed the sum of $1,750.00, that portion of decedent's interest therein, and that the deceased is survived by his spouse, Meredith Harless." In view of our decision, the disparity does not affect the outcome of the case.

2. A.R.S. § 14–517 reads as follows:
"A. If upon return of the inventory it appears that the value of the whole estate, exclusive of the amount of liens and the one-half interest of the surviving spouse in the community property, does not exceed three thousand five hundred dollars, and if there is a surviving spouse or minor children of decedent, the court shall, by order, require all persons interested to appear on a day fixed to show cause why the whole of the estate should not be assigned for the use and support of the family of the decedent.
"B. Notice of the order to show cause shall be given and proceedings had as upon settlement of accounts of executors or administrators, except that publication of notice to creditors is not necessary.
"C. If, upon the hearing the court finds that such value does not exceed three thousand five hundred dollars, and that expenses of the last illness of decedent, funeral expenses and expenses of administration have been paid, the court shall by decree assign to the surviving spouse, or if there is no surviving spouse, then to the minor children of decedent, if any, the whole of the estate, subject to existing mortgages, liens or encumbrances upon the estate at the time of the death of decedent. Title to the estate shall thereupon vest absolutely in the surviving spouse or minor children, and there shall be no further proceedings in the administration, unless further estate is discovered.
"D. If the surviving spouse has separate property, exclusive of his or her one-half interest in the community property, which is equal to the portion to be set apart to the survivor, the whole property, other than the half of the homestead, shall go to the minor children."

3. The parties have presented the voidness issue on the assumption that the decree was entered pursuant to the terms of A.R.S. § 14–517, although in the record supplied to the court the possibility is faintly suggested that the property could have been transferred as a probate homestead pursuant to A.R.S. § 14–514. Since the parties do not urge this, we do not find it necessary to consider it, especially in view of our decision in the case.

formance of acts upon which jurisdiction of the court depends, but it shall only be necessary that they contain the matters ordered or adjudged, except as otherwise provided."

Even if we were to assume that A. R.S. § 14–517 required full written findings, their omission would be an error of law, susceptible to a direct appeal from the decree and not to collateral attack in this proceeding. Mere error of law does not amount to a jurisdictional defect which would allow collateral attack. Varnes v. White, 40 Ariz. 427, 12 P.2d 870 (1932).

The Probate Court had the "power to deal with the Catalina property and enter its decree pursuant to A.R.S. § 14–517, hence the lack of written findings is not jurisdictional. The reasoning of the Arizona Supreme Court in Varnes v. White, supra, is analogous here and supports the judgment of the trial court on this issue:

"  .  .  .  It is doubtless true as a matter of law the probate court should have set aside a homestead for him if none had already been selected, but it is equally true that the court had jurisdiction to make a decree of distribution of an estate which was properly in its charge, even though such distribution was not made in the manner provided by law. A judgment cannot be collaterally impeached because it was based on a mistake of law, any more than if based on a state of facts." (40 Ariz. 427, 435, 12 P. 2d 870, 872)

The appellant, a creditor in the probate proceedings, had standing there to contest the decree of the Probate Court and raise the issue of inadequate written findings, both in the Probate Court as well as on appeal. He chose not to do so.

A further point raised by appellant is that the decree purports to be a "partial" assignment of the estate and not the "whole" estate described in A.R.S. § 14–517, and that it is therefore void. It is true that the statute refers to the whole estate of the decedent and by its language

concludes the administration thereof, once the decree is entered. Again, legal error, though it may have been present in the decree and hence cognizable on direct appeal, does not render the decree void and thus subject it to collateral attack. Western Land and Cattle Co. v. National Bank of Arizona at Phoenix, 29 Ariz. 51, 239 P. 299 (1925) does not as urged by appellant compel a different conclusion. In that case an order of the trial court extending a period of redemption beyond the period fixed by statute was held subject to collateral attack and void, the court holding that the trial court must have authority to render a decree of the kind in question, as well as jurisdiction of the person and the subject matter. We distinguish the decree of the Probate Court assigning less than the whole of a decedent's estate from the holding of *Western Land and Cattle Co.* case. By entering the decree the Probate Court exercised authority, which it had, to distribute the decedent's real property, although only a portion was included. The contention that the decree should have dealt with the entire estate is one which should be presented to the appellate court directly, not collaterally. Appellant also relies upon Eyman v. Deutsch, 92 Ariz. 82, 373 P.2d 716 (1962) to support his position. We find, however, that the collateral attack of the judgment in that case and the rationale sustaining it is readily distinguishable and therefore not controlling here.

The second issue relates to constitutionality. Appellant contends that the homestead law (A.R.S. § 33–1101, as amended) arbitrarily and unreasonably classifies debts, giving certain of these classes advantages and preferences over other classes, in violation of Art. 2, § 13 of the Arizona Constitution and Section 1 of the Fourteenth Amendment of the United States Constitution.

The purpose of these constitutional provisions is to preserve equality between citizens. They constitute a guarantee that all persons shall be treated alike under similar

circumstances and conditions. They allow, however, classifications of persons into categories and permit the application of different sets of rules for different classes, provided the classification or discrimination is reasonable rather than arbitrary and all members of each class are affected uniformly. Valley National Bank of Phoenix v. Glover, 62 Ariz. 538, 159 P.2d 292 (1945).

A statute is presumed constitutional. Arizona Podiatry Association v. Director of Insurance, 101 Ariz. 544, 422 P.2d 108 (1966). In the particular area of equal protection and alleged discrimination in classification, the classification is presumed constitutional. Uhlmann v. Wren, 97 Ariz. 366, 401 P.2d 113 (1965).

Arizona Revised Statutes, § 33–1101, as amended, declares that certain debts are excluded from the homestead exemption. The classification of these debts are (1) a duly executed mortgage, deed of trust, or security agreement on a mobile home; and (2) a lien for labor or material that attached before the property was claimed as a homestead.

We find that the two exceptions bear a reasonable relationship to the purpose of the law and that there is a substantial difference between those within the classes and those without. That difference, of course, is the fact that the protected classes are those who have had a special relationship to the property by way of either relying upon its as security for a specific debt or improving it through labor or materials. As to them, it is reasonable that their liens be protected against a homestead exemption perfected afterwards. The classes within the exception bear a reasonable connection with the purpose of the law, which is to protect the family against forced sale of its home property for debts which are not specifically related to it. The legislature has determined that one class of creditors is thus preferred over another, but there is a substantial difference between those within the classes enumerated and those without. The law is therefore neither arbitrary nor unreasonable.

We hold that A.R.S. § 33–1103 does not constitute a special privilege or immunity or an abridgement of equal protection of the law under Section 1 of the Fourteenth Amendment of the United States Constitution or Article 2, § 13 of the Arizona Constitution. Finding the exceptions to the homestead law in A.R.S. § 33–1103 to be constitutional, we do not, of course, reach the question of severability of the homestead law itself (A.R.S. § 33–1101) from the exception provision (A.R.S. § 33–1103).

The judgment of the trial court is affirmed.

WREN, P. J., and NELSON, J., concur.