No. 22,659.

FRANK P. DICKSON, *Appellee,* v. RICHARD C. PATTERSON, *Appellant.*

SYLLABUS BY THE COURT.

1. FOREIGN JUDGMENT—*Full Faith and Credit Extended to a Judgment of Federal District Court.* Although a federal district court is one of limited jurisdiction, its judgment stands upon the same footing as that of a state court of general jurisdiction, and is given the full faith and credit extended to a judgment of a state court.

2. SAME—*Presumption of Validity of Foreign Judgment.* Such a judgment duly authenticated comes here with a presumption of validity, unless the contrary affirmatively appears on the face of the record itself.

3. SAME—*Errors Corrected Only by Trial Court or On Appeal.* A recovery of interest or other demand, although excessive and erroneous, does not render the judgment void, but it is one which can only be corrected in the court rendering the judgment or upon appeal to a court of review.

Appeal from Elk district court; ALLISON T. AYRES, judge. Opinion filed May 8, 1920. Affirmed.

*Clifford Sullivan,* and *C. B. Crawley,* both of Howard, for the appellant.

*A. F. Sims,* of Howard, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Action upon a judgment rendered by the United States district court for the state of Nebraska in favor of the plaintiff, Frank P. Dickson, against Richard C. Patterson, upon which a new judgment was rendered in favor of plaintiff, from which defendant appeals.

In his petition the plaintiff set forth that on December 6, 1916, a judgment was rendered in the federal court upon a partnership accounting, in which the plaintiff was awarded judgment in the sum of $1,445.52, composed of two items, one for $508.16, as a balance due on the accounting, and one for $937.06, with interest on each item at the rate of 7 per cent per annum. In an early stage of the litigation, an appeal was taken from the judgment of the federal district court to the

supreme court of the United States, wherein the rights of the parties were determined, and directions given that the case be referred to a commissioner to take an accounting on the basis of that decision. (*Dickson v. Patterson,* 160 U. S. 584.) The accounting was accordingly taken and a report of the commissioner made. It was examined by the federal district judge and a memorandum opinion was filed suggesting that certain modifications be made, but before final action on the report was taken, the judge died. His successor took up the report and directed the commissioner to restate the account, substantially in accordance with the memorandum opinion of his predecessor, and upon the accounting so made the judgment sued on was rendered. No attack was made upon the judgment in that court, nor was any appeal taken from it.

In this action the petition based upon the judgment was attacked by a demurrer, but it was overruled. The principal ground of attack is that the judgment sued on is void, in that interest was awarded at 7 per cent upon the items embraced in the judgment, and that there was no averment in the petition that the laws of Nebraska authorized that rate. The judgments of federal district courts, although of limited jurisdiction, stand upon the same footing as those of state courts of general jurisdiction, and are entitled to the full faith and credit applicable to the judgments of state courts. (15 R. C. L. 886-927.) The judgment was duly authenticated, and the record of it shows that the court acquired jurisdiction of the person of the defendant, and of the subject matter. A judgment of a court of general jurisdiction of another state duly authenticated comes here with a presumption of validity unless the contrary affirmatively appears on the face of the record itself. In the absence of evidence to the contrary, the court is deemed to have had the authority it assumed to exercise, although the procedure pursued may be different from that established by the laws of this state. (*French v. Pease,* 10 Kan. 51; *Dodge v. Coffin,* 15 Kan. 277; *Ward v. Baker,* 16 Kan. 31.)

It is contended that a greater rate of interest was allowed than is authorized by the laws of Kansas. Although we may not take judicial notice of the statutes of Nebraska, it is known as a matter of fact that the rate allowed was authorized

by the laws of that state. However, in the absence of an averment in the petition, it must still be presumed that the court acted rightly and in conformity with law in the award made. If it was an excessive recovery of interest, or upon any other claim, it was an error which could only be corrected in the court rendering the judgment or upon an appeal from it. The judgment of a court having jurisdiction is not invalidated by error in the proceedings, or a mistake as to the law, nor can it be impeached for an excessive award. (23 Cyc. 1096; 15 R. C. L. 915.)

The judgment is attacked because the judge who rendered it adopted and followed the findings and memorandum opinion of his predecessor, but this procedure in no way impaired the validity of the judgment subsequently rendered. The new judgment rendered in this action is affirmed.