No. 23,404.

C. G. LITTLEFIELD et al., *Appellees*, v. A. J. PAYNTER, *Appellant*.

SYLLABUS BY THE COURT.

1. FOREIGN JUDGMENT—*Entitled to Full Faith and Credit—Cannot Be Attacked Collaterally.* A judgment of a sister state not challenged upon jurisdictional grounds cannot be impeached upon the ground that the successful party obtained the judgment by giving perjured testimony.

2. SAME. The truth or falsity of the testimony produced was a matter for the determination of the court rendering the judgment and that matter, not being extrinsic or collateral to the issue involved, must be regarded as adjudicated and not open to inquiry in another action.

3. SAME—*Demurrer to Defendant's Pleading Rightly Sustained.* The demurrer to the defendant's pleadings setting up that the judgment was fraudulently obtained by perjured testimony was rightly sustained.

Appeal from Osborne district court; WILLIAM R. MITCHELL, judge. Opinion filed May 6, 1922. Affirmed.

*W. E. Mahin,* of Osborne, and *F. W. Mahin,* of Smith Center, for the appellant.

*J. A. Brady,* of Cherryvale, for the appellees; *J. L. Travis,* of Osborne, of counsel.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action upon a judgment rendered by a court in Arkansas. As a defense to the action the defendant, Paynter, alleged that the judgment had been procured through the fraud and perjury of the plaintiffs, and he set forth in his cross petition certain testimony and acts alleged to have been false and fraudulent and but for which the judgment would not have been rendered. Upon plaintiff's demurrer to the pleading setting up this defense the court held that the facts stated were insufficient to constitute a defense to the judgment. From this ruling defendant appeals.

It appears that the plaintiffs exchanged a tract of land in Kansas for another tract owned by the defendant in Arkansas. In the exchange the plaintiffs to whom the Arkansas land was conveyed executed a mortgage thereon to the defendant for $4,000. Later the defendant brought an action in the chancery court of Scott county, Arkansas, to foreclose that mortgage and in that proceeding the plaintiffs filed an answer and cross petition alleging that in the exchange of lands the defendant had made false representations as to his title to the land and also as to the trees growing upon it. They further alleged that he represented that he had contracted for a sale of growing trees for a large sum which he would turn over to the plaintiffs but that his representations as to the title and as to the trees and timber were false. They charged that these representations were knowingly made by defendant to deceive the plaintiffs and induce them to make the exchange of lands, that they relied on the representations made and were thereby induced to exchange their home and lands in Kansas for the Arkansas land. On the evidence offered in that case the Arkansas court found that the defendant had made false representations as to the title of the land, also as to the location, character and quality of the land, and of the trees growing thereon, that the defendant knew the representations were false, and were made with the intent to defraud the plaintiffs, and further that plaintiffs relied on these representations in making the exchange of lands. As the defendant had previously sold the Kansas land, that court entered a decree canceling the mortgage and giving the plaintiffs a judgment against the defendant in the sum of $6,156.36, for the damages which plaintiffs sustained. An appeal was taken from that judgment to the supreme court of

Littlefield v. Paynter.

Arkansas and there it was affirmed. That is the judgment upon which the plaintiffs brought this action.

The question presented here is whether the allegations in defendant's answer and cross petition stated a defense to the judgment. He insists that the plaintiffs recovered the judgment by false testimony and fraud, in that they gave testimony to the effect that they relied solely on the representations of defendant as to the condition of the title and as to the quality and location of the land and the extent that it was forested, whereas, as he alleged, they had made a personal inspection of the land, knew its condition and made the exchange based on that inspection. It is alleged and claimed that plaintiffs concealed the fact of the inspection from the Arkansas court and testified that they had not seen the land, but had relied upon the defendant's representations respecting it. This testimony he alleged was false and upon it the judgment was founded. Defendant further alleged that the plaintiffs in their answer and cross petition filed in the Arkansas court, did not state fully the representations upon which the judgment was rendered but were allowed to prove others and when the proof was offered they asked and obtained leave of the court to amend their pleading to conform to the proof. It is averred that the defendant was thereby misled and at that time was unprepared to refute or discredit the evidence so produced, and that this course was taken by plaintiffs to defraud the defendant.

The court ruled correctly in sustaining the demurrer to defendant's answer. There was no lack of jurisdiction in the Arkansas court of the person of the defendant or of the subject matter in the action in which the judgment was rendered. The court was one of general jurisdiction with full authority to adjudicate the matters in controversy and defendant does not even contend that jurisdiction was fraudulently acquired. Where there is jurisdiction the judgment of a sister state must be given full faith and credit. The gravamen of the complaint of fraud is that plaintiffs maintained their claim by false testimony. The alleged false testimony related to the issue whether plaintiffs relied on the representations made by the defendant or upon information gained by their inspection of the property exchanged. That was an issue in the case before the Arkansas court and it devolved on that court to determine the truth or falsity of the testimony. As to that issue, the judgment rendered by that court must be treated as conclusive

when attacked in this state. It has been held that a party to an action in which a judgment is rendered cannot in another action impeach or set aside the judgment on the ground that it was obtained by perjured testimony. It was said:

"All courts are likely to be deceived by perjured testimony, and to permit a defeated party to go to another court—foreign or domestic—and procure a retrial of the same issues on the ground that the successful party had fraudulently procured the former judgment upon false testimony would make litigation endless and judgments as unsubstantial as the stuff that dreams are made of." (*Bleakley v. Barcley,* 75 Kan. 462, 470, 89 Pac. 906).

In another action brought to vacate a judgment upon the ground that it was obtained by fraud, it was held that fraud which will authorize a court to annul a judgment must be extrinsic or collateral to the matter involved in the former action, and that a party who pleads that it was obtained on false or perjured testimony and shows that the issue to which the testimony relates was an issue in the former case and was tried out upon a conflict of testimony, the truth or falsity of which was determined in the former action, is not entitled to relief, (*Plaster Co. v. Blue Rapids Township,* 81 Kan. 730, 106 Pac. 1079.) In *McCormick v. McCormick,* 82 Kan. 31, 39, it was said:

"A judgment procured by false or perjured testimony is not open even to a direct attack on that ground, when the testimony relates to an issue raised by the pleadings and tried out at the hearing."

(See, also, *Larimer v. Knoyle,* 43 Kan. 338, 23 Pac. 487; *In re Wallace,* 75 Kan. 432, 89 Pac. 687; *Miller v. Miller,* 89 Kan. 151, 130 Pac. 681; *Dickson v. Patterson,* 106 Kan. 794, 189 Pac. 912; *United States v. Throckmorton,* 98 U. S. 61; *Pico v. Cohn,* 91 Cal. 129; *Steen v. March,* 132 Cal. 616.)

It is contended that the plaintiffs' pleading was unduly enlarged during the trial in order to conform to proof that had been produced by plaintiffs. The issue of fraud was distinctly pleaded by the plaintiffs. As evidence was offered and received of additional acts of fraud by the defendant, the court permitted an amendment covering that evidence. Defendant says that he was taken by surprise and was unready to meet it and show that it was untrue, and that the action operated as a fraud upon him. If an error was committed in that respect the defendant had an opportunity to have it corrected in the court rendering the judgment or upon appeal to the supreme court of that state. It appears that the rulings in the case were reviewed on an appeal to the supreme court

but it was there held that no error had been committed. A judgment of a sister state where there is no want of jurisdiction cannot be impeached for irregularities in the proceedings, or erroneous rulings. It is to be regarded as binding until set aside by the court rendering it or by a reviewing court upon appeal. (*Dickson v. Patterson*, supra.)

Finding no error in the ruling complained of the judgment of the district court is affirmed.