R. O. ABERNETHY v. W. W. BURNS ET AL.

(Filed 11 April, 1934.)

1. **Trial A a—**

> It is within the discretion of the court, for cause shown, to place a case at the end of the trial docket, but a provision in the order that the case thus remain until plaintiff, appearing *in propria persona*, should employ counsel is erroneous.

2. **Attorney and Client A c—**

> A party has the alternative right to appear either *in propria persona* or by counsel. C. S., 401.

APPEAL by plaintiff from *Warlick, J.,* at November Term, 1933, of CATAWBA.

Civil action to recover damages for alleged (1) malicious prosecution, (2) abuse of process, (3) trespass, and (4) wrongful conversion.

The answer denies the material allegations of the complaint, sets up estoppel by judgment and the statute of limitations.

It appearing that the issues are involved, that plaintiff is accustomed to bringing suits and trying them without the aid of counsel at great loss of time to the court, that he is undertaking to prosecute the present action *in propria persona,* and that a trial of the cause, under these circumstances, will consume a great deal of unnecessary time, the court ordered the case to be placed at the end of the trial docket, there to "remain as the last case on the trial docket if and until counsel licensed to practice in North Carolina signs his name, or their names as counsel for the plaintiff, which when done, shall be authority to the clerk to take the case from the foot of the trial calendar and place it on the docket for trial at term."

Plaintiff appeals, assigning error.

*R. O. Abernethy in propria persona.*
*No counsel appearing for defendants.*

STACY, C. J. It was clearly within the discretion of the court, for cause shown, to place the case at the end of the trial docket. But it is provided by C. S., 401 that a party may appear "either in person or by attorney in actions or proceedings in which he is interested." Thus, the provision requiring plaintiff to employ counsel would seem to be at variance with the statute.

It is the general holding that a party has the right to appear *in propria persona* or by counsel. This right is alternative. A party has no right to appear both by himself and by counsel. Nor should he be

permitted *ex gratia* to do so. *Talbot v. Talbot's Reps.,* 25 Marshall's Reports (Ky.), 3; *Comrs. v. Younger,* 29 Cal., 147, 87 Am. Dec., 164, and note; 4 C. J., 1322; 2 R. C. L., 937.

In the instant case, the plaintiff prefers "to go it alone." This is his right. He may not get to first base, but he is entitled to come to the bat.

The order will be modified as indicated, and, as thus modified, it will be affirmed.

Modified and affirmed.