No. 39,521

CHARLES M. FISCHER, *Appellee*, v. ALYCE KIPP and GERTRUDE KIPP, also known as PEGGY KIPP, *Appellants*.

(277 P. 2d 598)

Opinion filed December 11, 1954.

*Horace A. Santry*, of Salina, argued the cause, and *John I. Young*, of Salina, was with him on the briefs for the appellants.

*George D. Miner*, of Ellsworth, argued the cause, and *Paul L. Aylward*, of Ellsworth, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This was an action upon three judgments rendered by the Municipal Court of Los Angeles, State of California, against the defendants, Alyce Kipp and Gertrude Kipp, upon which

a new judgment was rendered in favor of plaintiff by the district court of Ellsworth County, from which the defendants appeal.

The action was commenced in the district court by the filing of a petition containing three causes of action. The sufficiency of this pleading is not challenged and for present purposes it suffices to say each cause of action therein set forth, to which an authenticated copy of the particular judgment involved was attached, contains allegations sufficient to warrant the granting of the relief therein prayed for.

Defendants appeared in the action. Following this appearance they filed a second amended answer in which they denied generally all allegations of the petition and specifically denied the judgments sued on were entitled to full faith and credit. Other matters pleaded in the answer, subsequently denied by a reply, are not involved and need not be detailed.

With issues joined as heretofore indicated the cause came on for trial by the Court. Plaintiff then submitted his cause on evidence consisting of the pleadings, the files of the case and, over defendants' objections, authenticated copies of each of the involved judgments. Thereupon defendants demurred to plaintiff's evidence. At the same time they announced they would offer no evidence and stand upon their demurrer. Following this action the Court took the case under advisement. Later it overruled the demurrer, found that the plaintiff was entitled to judgment against the defendants upon the authenticated copies of the judgments sued on, specified the amounts due on each such judgment, and then rendered judgment against defendants in accord with its findings. After rendition of this judgment defendants filed a motion for new trial. When it was overruled they appealed from that ruling; from the ruling on their demurrer to the evidence; and from the judgment.

At the outset the issues will be simplified by stating that appellants recognize the general rule of universal application, long since established by this court (See *French v. Pease,* 10 Kan. 2d ed. 48, 51) and courts of other jurisdictions (See, e. g., 31 Am. Jur., Judgments, 141 § 533), that a properly authenticated judgment rendered by a court of one state is, under the full faith and credit clause of the United States Constitution, Article 4, Section 1, entitled in the courts of another state to the force, the effect, and the full faith and credit, it has by law in the courts of the state where

the judgment was rendered. Moreover, with the view of further simplifying the issues it may be stated appellants concede the judgments relied on in the instant action were authenticated in the manner required by existing statutes, both Federal (28 U. S. C. A., 1738) and State (G. S. 1949, 60-2853).

Upon careful analysis of the record it can be stated in a general way that the essence of the over-all, and for that matter the paramount, question raised by appellants relates to the degree of proof required to sustain appellee's causes of action on the judgments sued on. Specifically, although they concede the rule to be that a judgment rendered by a sister state court of general jurisdiction is presumed to be valid and the introduction of its judgment in evidence in a court of this state makes out a prima facie case, their position on this point is (1) that the Municipal Court of Los Angeles, State of California, is a court of inferior jurisdiction and (2) that judgments of courts of inferior jurisdiction are not entitled to the presumptions accorded courts of general jurisdiction, hence the trial court erred in overruling their demurrer and rendering judgment against them on the basis of the evidence presented by appellee.

In view of what has been stated and is to be presently related we are not disposed to here attempt to discuss or distinguish the myriad decisions dealing with the presumptions to be given judgments entitled to full faith and credit. However, in passing we desire to point out we are inclined to the view that under our own decisions (See, e. g., *French v. Pease, supra; Dickson v. Patterson,* 106 Kan. 794, 189 Pac. 912; *Denton v. Miller,* 110 Kan. 292, 203 Pac. 693; *Poorman v. Carlton,* 122 Kan. 762, 253 Pac. 424; *Chamberlin v. Thorne,* 145 Kan. 663, 66 P. 2d 571; *In re Estate of Moore,* 163 Kan. 147, 159, 181 P. 2d 299; *Anderson-Prichard Oil Corp. v. Unknown Successors, etc., Okla. Royalty Corp.,* 167 Kan. 432, 207 P. 2d 417), as well as other well recognized authorities (See 31 Am. Jur., Judgments, 86, 172, §§ 424, 425, 571; 50 C.J.S., Judgments, 463, 500 to 502, Incl., §§ 884, 893), the rule recognizing the presumptions on which appellants rely is not limited solely to courts of general jurisdiction but extends to and includes judgments of all courts of record. Be that as it may the question now under consideration can and will be disposed of on appellants' factual contention relating to the status and/or rank of the foreign courts rendering the involved judgments.

Mindful of the mandate of our statute (G. S. 1949, 60-2878) relating to judicial notice of foreign laws and providing courts shall take judicial notice of the common law and statutes of every state, territory and other jurisdiction of the United States, also the rule (50 C. J. S., Judgments, 444 § 869; 31 Am. Jur., Judgments, 144 § 534) that in an action on a foreign judgment its validity and finality are to be tested by the law of the jurisdiction where such judgment was rendered, we have little difficulty in concluding appellants' contention the Municipal Court of Los Angeles is not a court of general jurisdiction cannot be upheld.

Article 6, Section 12 of the Constitution of California provides:

"The supreme court, the district courts of appeal, the superior courts, the municipal courts, and such other courts as the Legislature shall prescribe, shall be courts of record."

Statutes of California 1951, Chapter 861, Page 2370, now appearing as Section 89 of the Code of Civil Procedure, reads:

"1. Municipal courts shall have original jurisdiction of civil cases and proceedings as follows:

"(a) In all cases at law in which the demand, exclusive of interest, or the value of the property in controversy, amounts to three thousand dollars ($3,000) or less, except cases which involve the legality of any tax, impost, assessment, toll or municipal fine."

In the early case of *Hahn v. Kelly*, 34 Cal. 391, 94 Am. Dec. 742, the supreme court of California, in a general discussion of the subject now under consideration, said:

". . . The use of the words 'superior' and 'inferior,' or 'limited' and 'general,' and 'proceeding according to the course of the common law,' in the statement of the rule in question, however apt they may have once been, are less so at this time and place, and their duties, in view of our system and mode of procedure, would be better performed by the terms 'Courts of record' and 'Courts and tribunals not of record.' If anything further is added, the phrase 'proceeding according to the course of the statute which regulates proceedings in civil cases' should be employed instead of the phrase under consideration, for the statute has superseded the common law, without however abrogating the rule in hand, the conditions being changed, but not the principle. Our District Courts, County Courts and Probate Courts, the latter having been put in this respect upon the level of superior Courts at common law by express statutory provision, (Statutes 1858, p. 95, 1863, p. 339, Sec. 46,) are superior Courts in the sense of this rule, while Courts held by Justices of the Peace, Boards of Supervisors, and other Boards exercising judicial functions of a limited and special character, are inferior. Superior Courts at common law, in the sense of this rule, were those which sat in Westminster Hall—the King's Bench,

the Common Pleas and Exchequer—the former, as orginally instituted, having jurisdiction in criminal cases, the second in civil actions, and the latter in matters of revenue. In a certain sense, their jurisdiction was limited and special, but in the sense of this rule it was general—that is to say, general within their sphere of action. So with our Courts of record. Each is confined to its limits as fixed by the Constitution, and in that sense is limited as to its jurisdiction, but in the sense of this rule it has general jurisdiction of the particular department of the law allotted to it." (pp. 414, 415.)

In the more recent case of *Schwartz, Inc., v. Burnett Phar.*, 112 Cal. App. Supp. 781, 295 Pac. 508, the court held that in determining application of presumption as to jurisdiction Municipal Courts are regarded as courts of superior or general jurisdiction; and that their jurisdiction in civil cases need not affirmatively appear from pleadings or other proceedings. In the opinion of the same case, with direct reference to the force and effect to be given *Hahn v. Kelly*, supra, it is said:

"Finally, the Constitution itself (art. VI, sec. 12, as amended in 1924), provides that 'the supreme court, the district courts of appeal, the superior courts, the municipal courts, and such other courts as the legislature shall prescribe, shall be courts of record.' The only change made by this amendment was the insertion of the words 'the municipal courts,' and its purpose could only have been to make the municipal courts courts of record without action by the legislature and beyond its power to provide otherwise. The Constitution nowhere declares what powers or attributes shall accrue to a court by reason of its being 'of record.' It is, however, instructive to note that the Constitution of 1849 contained no such provision as that last quoted and that the case of *Hahn v. Kelly, supra,* declaring that the true distinction as to the presumption above mentioned is between courts of record and courts not of record, was decided before 1879. It is a fair conclusion that the framers of the Constitution of 1879 had this rule in mind when they declared certain courts to be courts of record and intended thereby to make the decision in *Hahn v. Kelly* applicable to those courts; and it follows that the framers of the amendment of 1924 intended that the same rule should be applied also to municipal courts. . . .

"For the foregoing reasons, we hold that for the purpose of applying the presumption as to jurisdiction, the municipal courts are to be regarded as courts of superior or general jurisdiction, that the same presumption attaches to their proceedings as is accorded to other courts of that class, and hence that the jurisdiction of the municipal courts need not affirmatively appear from the pleadings or other proceedings before them . . ." (pp. 788, 789, 790.)

See, also, the comparatively recent case of *Villanazul v. City of Los Angeles*, 37 Cal. 2d 718, 235 P. 2d 16, where, although the question of the faith and credit to be given a judgment of a munic-

ipal court was not involved, the Supreme Court of California held that municipal courts were courts of record; that the primary purpose in creating them was to relieve congestion in the superior courts of the state; and that in certain classes of cases their jurisdiction was exclusive.

From the foregoing references to the law of California it becomes apparent, that contrary to appellants' contention, the Municipal Court of Los Angeles is to be regarded as a court of general jurisdiction, at least for the purpose of suits for money amounting to $3,000 or less, and we so hold. The result is the judgments herein sued on were entitled to the presumptions appellants themselves concede are accorded to judgments of courts of general jurisdiction.

The next contention advanced by appellants is that the evidence introduced by appellee, consisting of the pleadings, the files and authenticated copies of the California judgments, was not sufficient to establish a prima facie case. Differently stated, that appellee had the burden of proving the existing status of such judgments. We do not agree. That contention, in our opinion, was determined long ago, contrary to appellants' position, in *French v. Pease, supra,* where it is said:

". . . And, in general, whenever a judicial record which would be valid and binding if made in this state comes properly authenticated from another state, it will be presumed to be valid and binding in the state from which it comes, until the contrary is shown; and, until the contrary is shown, full faith and credit will be given to it here, and if any person controverts its validity he must show its invalidity by proper evidence." (p. 51.)

In addition see *Saville v. Schroyer,* 65 Kan. 303, 68 Pac. 1130, where it is held:

"If payment of a judgment sued on has been made, either voluntarily or by means of an execution, the fact should be pleaded and proved. Payment is always a matter of defense." (Syl. ¶ 2.)

For general authorities supporting our conclusions respecting the foregoing contention see 31 Am. Jur., Judgments, 352, 353, 355 §§ 859, 860, 864; 50 C. J. S., Judgments, 462 § 884.

Appellants' final contention to the effect that as to one cause of action (the first) there was a variance between the allegations of the petition and the proof requires little if any consideration. It is true the petition alleged that particular judgment was rendered on September 24, 1952, whereas the judgment was actually rendered on October 1, 1952. The trouble from their standpoint is that

attached to and made a part of the first cause of action was an authenticated copy of the judgment in question which disclosed the true date of its rendition. In that situation our decisions (See West's Kansas Digest, Pleading §§ 310, 312) are uniform to the effect the attached copy controls recitals of the petition at variance therewith. It follows the trial court did not err in admitting in evidence an authenticated copy of the judgment, identical with the one attached to the petition.

We find nothing in other contentions advanced by appellants which requires further discussion or warrants a reversal of the judgment.

The judgment is affirmed.