**Jack W. SIEBERT, Executor of the Estate of Ann Lyon Grizelle a/k/a Ann G. Shockley, Deceased, Appellant,**

v.

**Burl M. SHOCKLEY, Appellee.**

**No. 44726.**

Supreme Court of Oklahoma.

March 20, 1973.

Tillman, Heskett & Heskett, Bartlesville and Pawhuska, for appellant.

Sontag & Ambler, Nowata, for appellee.

IRWIN, Justice:

Appellant, Jack W. Siebert (plaintiff), Executor of the Estate of Ann Lyon Grizelle a/k/a Ann G. Shockley, deceased, commenced this action against appellee Burl M. Shockley (defendant) to recover on a judgment rendered in Arizona. The decedent, during her lifetime, had obtained the judgment against defendant for the sum due under the terms of a divorce decree.

Defendant appeared specially and challenged the trial court's jurisdiction on the grounds that plaintiff's petition did not affirmatively show that the Arizona court had any jurisdiction over his person which would support the Arizona judgment.

On consideration of the record and the briefs submitted by the parties, the trial court sustained defendant's challenge to its jurisdiction and dismissed the action. Plaintiff appealed.

Decedent (during her lifetime) and defendant were divorced in Arizona and in the divorce decree defendant was ordered to pay alimony and child support. Defendant was in arrears on the child support payment. She brought an action to recover the arrearages and obtained a judgment in the Arizona court. Plaintiff alleged that the Arizona court had full jurisdiction of the subject matter and the parties and the judgment entered therein was in full force and effect.

Attached to the plaintiff's petition was a duly authenticated copy of the Arizona judgment. This judgment recited that the matter came on regularly for hearing; that plaintiff (decedent) appeared by her attorney and defendant did not appear, either in person or by attorney; and the plaintiff's evidence was sufficient to support the relief prayed for. The Arizona court then granted judgment to plaintiff (decedent) against the defendant for $11,500.00 for payments past due under the divorce decree.

It is to be noted that the Arizona judgment is silent concerning in what manner the court acquired jurisdiction over the de-

fendant and contained no language that the court had jurisdiction over the defendant. Although the judgment recites that defendant did not appear in person or by attorney, the judgment does not disclose that it did not have jurisdiction over the defendant.

In In Re Crouch's Estate, 191 Okl. 74, 126 P.2d 994, we held that when a court of competent jurisdiction has rendered a judgment in relation to any subject within its jurisdiction, the presumption arises that it had before it sufficient evidence to authorize it to award such judgment and that all the facts required to be proved to confer jurisdiction were duly proved although the record is silent upon the matter. In Yahola Oil Co. v. Causey, 181 Okl. 129, 72 P.2d 817, we held unless the record affirmatively shows want of jurisdiction, every fact not negatived by the record is presumed in support of a judgment of a court of general jurisdiction. See also 46 Am. Jur.2d, Judgments, § 44.

In Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278, the Supreme Court of the United States said:

"Where a judgment rendered in one state is challenged in another, a want of jurisdiction over either the person or the subject matter is of course open to inquiry. Grover & Baker Sewing Mach. Co. v. Radcliffe, 137 U.S. 287, 11 S.Ct. 92, 34 L.Ed. 670; Adam v. Saenger, 303 U.S. 59, 58 S.Ct. 454, 82 L.Ed. 649. But if the judgment on its face appears to be a 'record of a court of general jurisdiction, such jurisdiction over the cause and the parties is to be presumed unless disproved by extrinsic evidence, or by the record itself.' Adam v. Saenger, supra, 303 U.S. at p. 62, 58 S.Ct. 454, 82 L.Ed. 651. * * *."

The Milliken case was cited with approval in Allen v. Allen, 201 Okl. 442, 209 P.2d 172.

In our opinion, the Arizona judgment upon which plaintiff seeks to recover was sufficient to withstand the challenge of defendant that it did not affirmatively show

that the Arizona court had jurisdiction over the defendant. We therefore hold that the trial court erred in sustaining defendant's denial of jurisdiction and dismissing plaintiff's action.

Judgment reversed.

All the Justices concur.