(609 P.2d 682)
No. 50,518

M. Sperry Hickman, *Appellee,* v. Jerald L. Frerking, *Appellant.*

Opinion filed April 18, 1980.

*Robert W. Harris* of Harris & Hills, of Kansas City, for the appellant.

*L. Franklin Taylor* and *Ronald L. Bodinson* of Payne & Jones, Chartered, of Olathe, for the appellee.

Before Swinehart, P.J., Rees and Spencer, JJ.

Spencer, J.: In this action plaintiff seeks to enforce an order of the Circuit Court of Jackson County, Missouri, which awarded fees to her as the Missouri plaintiff's attorney. To accomplish this, plaintiff invoked the provisions of the Uniform Enforcement of Foreign Judgments Act, K.S.A. 60-3001 *et seq.,* and secured the issuance of garnishment against defendant's employer. Defendant's motion to dismiss, to quash garnishment, and to discharge the garnishee was denied and the garnishment was allowed to proceed.

Defendant has appealed and here asserts there was never a judgment in favor of plaintiff in this cause as she was not a party to the Missouri action, and that plaintiff failed to comply with the specific provisions of K.S.A. 60-3002 and 60-3003, rendering the Missouri judgment of no effect in Kansas.

Plaintiff, a Missouri attorney acting pro se, filed her verified petition for registration of foreign judgment in the District Court

of Wyandotte County in which it was alleged in substance that on May 9, 1977, the Circuit Court of Jackson County, Missouri, entered a decree adjudging that defendant pay plaintiff the sum of $1,200, of which amount only $100 had been paid. An authenticated copy of the journal entry setting forth the Missouri judgment was attached and made a part of the petition.

By its decree, the Missouri court dissolved the marriage of petitioner Jerald L. Frerking (defendant in this action) and respondent Billie Jean Frerking. The decree also provided:

"IT IS FURTHER ORDERED AND ADJUDGED by the Court that petitioner pay to respondent as respondent's attorney's fees the sum of One Thousand Two Hundred and 00/100 ($1,200.00).

"IT IS FURTHER ORDERED AND ADJUDGED by the Court that said attorney's fees be paid directly to M. Sperry Hickman, attorney for respondent, and in default thereof, that execution issue therefor."

On the date the petition was filed in the District Court of Wyandotte County, the clerk of that court directed a letter to the defendant advising him that plaintiff in this cause had filed the foreign judgment against him, and advising him also of the name and post office address of plaintiff as the judgment creditor.

Of initial concern is whether we are in fact dealing with a foreign judgment as defined by K.S.A. 60-3001, which provides:

"In this act 'foreign judgment' means any judgment, decree, or order of a court of the United States or of any other court which is entitled to full faith and credit in this state: *Provided,* No judgment of any court of this state shall be deemed to be a foreign judgment in any other court of this state."

Defendant argues that, since plaintiff here was neither plaintiff nor defendant in the Missouri proceedings and has never been a party to any action against defendant, she is not a judgment creditor of defendant. The Missouri statute with which we are concerned provides in relevant part:

"The court from time to time after considering all relevant factors including the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under sections 452.300 to 452.415 [the Missouri Dissolution of Marriage Act] and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment. *The court may order that the amount be paid directly to the attorney, who may enforce the order in his name."* Mo. Ann. Stat. § 452.355 (Vernon); emphasis added.

The fact that the Circuit Court of Jackson County, Missouri, is a court of general jurisdiction and had jurisdiction of the parties

and the subject matter is not questioned. Nor do the parties question the authority of the Missouri court to enter the order regarding attorney fees and to direct that they be paid directly to this plaintiff. Missouri Supreme Court Rule No. 76.01 provides:

"The party in whose favor any judgment, order or decree is rendered, may have an execution in conformity therewith."

As it appears this plaintiff is one in whose favor an order was rendered, which she was entitled to enforce in the State of Missouri in her name by execution in conformity therewith, we hold that such is a foreign judgment as defined by K.S.A. 60-3001. As such, it is entitled to recognition, force and effect in the courts of this state to the same extent and with as broad a scope as given it by law or usage in the courts of the State of Missouri. U.S. Const. Art. IV, § 1; *National Equip. Rental, Ltd. v. Taylor,* 225 Kan. 58, 60, 587 P.2d 870 (1978); *Hicks v. Hefner,* 210 Kan. 79, Syl. ¶ 1, 499 P.2d 1147 (1972); *Fischer v. Kipp,* 177 Kan. 196, 197-98, 277 P.2d 598 (1954). *Cf., Alexander Construction Co. v. Weaver,* 3 Kan. App. 2d 298, 594 P.2d 248 (1979).

It is next argued that the requirements of K.S.A. 60-3002 were not complied with in that the judgment was filed pro se and not by a licensed Kansas attorney. It is a well-settled principle of law that a party to a civil action may appear either pro se or through counsel. See 7 Am. Jur. 2d, Attorneys at Law § 6, p. 46; Annot., 67 A.L.R.2d 1102, 1103; *Osborn v. United States Bank,* 22 U.S. (9 Wheat.) 738, 829, 6 L.Ed. 204 (1824); and *Abernethy v. Burns,* 206 N.C. 370, 173 S.E. 899 (1934).

Supreme Court Rules No. 111 and No. 115 (225 Kan. lx-lxi) contemplate that a civil litigant may appear either through an attorney or on his own behalf. Such is also recognized in that portion of K.S.A. 1979 Supp. 7-104 (relating to attorneys from other states) which provides:

"[B]ut nothing in this section shall be construed to prohibit any party from appearing before any of said courts, tribunals or agencies, in his or her own proper person and on his or her own behalf."

The provisions of K.S.A. 60-3003(*b*) also contemplate an appearance pro se by reference to "the judgment creditor's lawyer, if any, in this state." We conclude that whatever plaintiff was entitled to cause to be done under the provisions of K.S.A. 60-3002 through an attorney licensed to practice law in the State of Kansas, she was entitled to do in her own behalf notwithstanding she is an attorney licensed in the State of Missouri.

Finally, it is argued that, since there was not an affidavit filed as provided by K.S.A. 60-3003(*a*) setting forth the name and address of the "real judgment creditor, namely Billie Jean Frerking," the Missouri judgment has no effect in Kansas. In light of what has been said, it is the plaintiff who is the real judgment creditor of defendant and it would appear that the Missouri client would have no interest in these proceedings. It should suffice to note that the petition with which the authenticated copy of the Missouri decree was filed clearly set forth the names and post office addresses of the judgment debtor and of this plaintiff as the judgment creditor, and was duly verified by plaintiff. We hold this to be sufficient compliance with the statute.

Affirmed.