W. O. PETTIT, individually and d/b/a Pettit Motors, Appellant,

v.

AMERICAN NATIONAL BANK OF AUSTIN, Appellee.

No. 56119.

Supreme Court of Oklahoma.

July 20, 1982.

---

6. 83 Okl. 107, 204 P. 911 (1922). In accord, see *Hayhurst v. Hayhurst*, Okl., 421 P.2d 257 (262) (1966).

7. Okl., 418 P.2d 949 (1966).

Layden & Layden by Bill Layden, McAlester, for appellant.

Mock, Schwabe, Waldo, Elder, Reeves & Bryant by G. Blaine Schwabe III, Oklahoma City, for appellee.

LAVENDER, Justice:

Appellee, a Texas bank, brought an action in a Texas county district court to recover damages from the Appellant, an Oklahoma resident, for alleged breach of contract. The Appellant failed to appear in the Texas hearing, whereupon a default judgment was entered on June 20, 1980. Appellee then filed that final judgment in the Oklahoma County District Court on August 1, 1980, pursuant to the Uniform Enforcement of Foreign Judgments Act, 12 O.S.1971, § 719 et seq. Appellant moved to vacate the Texas judgment, alleging that the Texas court lacked in personam jurisdiction of Appellant on the ground that service upon Appellant was not proper. The Oklahoma County District Court, Judge Jack Parr, overruled Appellant's motion. Appellant sought review of that ruling by a Petition in Error, raising the improper service issue and, for the first time,

a lack of minimum contacts issue. The cause was assigned to the Court of Appeals, Division 2, who affirmed the trial court. However, the Court of Appeals, on rehearing, reversed itself and the trial court, finding that the Texas court failed to acquire in personam jurisdiction over the Appellant because the Appellant did not have "minimum contacts" with Texas. Appellee seeks review of the Court of Appeals opinion on rehearing. Certiorari was previously granted.

The Court of Appeals, in its opinion on rehearing, noted the allegations of fact recited in the Appellee's Texas petition. In essence, the petition alleged that, pursuant to a series of transactions, the Appellant had agreed to purchase certain government bonds for $679,203.69 from the Appellee. The contract evidencing the agreement was made with the Appellee at the Appellee's bank in Austin, Texas, by telephone conversations between the Appellee and Appellant, and confirmed by written memorandum prepared and mailed by the Appellee from Austin. The Court of Appeals found that the Texas long-arm statute was broad enough to permit non-resident service under the pleaded jurisdictional facts. However, the court also found that the Texas statute may not validly authorize non-resident service beyond the constitutional parameters set forth by the United States Supreme Court. The Texas long-arm statute, Tex.Rev.Stat.Ann. Art. 2031b, §§ 3, 4, makes those persons who engage in business in Texas amendable to process and provides that a:

> ... non-resident natural person shall be deemed doing business in [Texas] by entering into contract by mail or otherwise with a resident of Texas to be performed in whole or in part by either party in this State ....

The Court of Appeals found that the contract made by telephone in Texas, as set forth on the face of the judgment roll (in Appellee's Texas petition), was an insufficient contact with that state and that the use of such a contact to obtain personal jurisdiction through the Texas long-arm statute offended the notions of fair play and substantial justice. In making that finding, the court used the "active-purchaser, passive-purchaser" classification recognized in this jurisdiction in cases involving in personam jurisdiction over non-resident defendants. See *Yankee Metal Products, Inc. v. District Court*, 528 P.2d 311 (Okl. 1974).

The Full Faith and Credit clause does not require Oklahoma courts to recognize foreign judgments where such judgments were rendered without jurisdiction over the parties. U.S.C.A.Const. Art. 4, § 1; *Britton v. Gannon*, 285 P.2d 407 (Okl. 1955), cert. den. 350 U.S. 886, 76 S.Ct. 140, 100 L.Ed. 781. However, a rebuttable presumption exists that a foreign court rendering the judgment sought to be enforced had jurisdiction and that the judgment is prima facie valid, *unless the contrary is shown by proof or by the record itself*. *Allen v. Allen*, 201 Okl. 442, 209 P.2d 172 (1949), cert. den. 336 U.S. 956, 69 S.Ct. 891, 93 L.Ed. 1110. The regularity and validity of a foreign judgment, including issues concerning the foreign court's jurisdiction, should be tested by the law of the jurisdiction where the judgment was rendered. *Galbraith & Dickens Aviation Ins. Agency v. Gulf Coast Aircraft Sales, Inc.*, 396 So.2d 19 (Miss.1981) (using Oklahoma law on a minimum contacts question); *Associates Financial Services Co., Inc. v. McPeek*, 222 Va. 176, 278 S.E.2d 847 (1981); *Fischer v. Kipp*, 177 Kan. 196, 277 P.2d 598 (1954).

With respect to the last proposition, the Texas courts have not expressly adopted an "active-purchaser, passive-purchaser" classification in a contract action involving an out-of-state defendant, as have Oklahoma courts. However, the difference in the Texas and Oklahoma approach in determining whether the "minimum contacts" test has been met may be superficial because both the Texas and Oklahoma long-arm statutes are interpreted to be as broad as the standards of "minimum contacts" will allow. *Aetna Cas. & Sur. Co. v. Dobbs*, 416 S.W.2d 869 (Tex.Civ.App.1967); *Fields v. Volkswagen of America, Inc.*, 555 P.2d 48 (Okl.1976). Tests of what constitutes "min-

imum contacts" have been set forth by United States Supreme Court cases and include (1) whether subjecting a person to in personam jurisdiction offends traditional notions of fair play and substantial justice, *International Shoe Company v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1942), and (2) whether there was some act by which the defendant purposefully availed himself to the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

Does the record itself show that the Texas court lacked in personam jurisdiction over the Appellant because Texas did not have sufficient contacts with the Appellant to satisfy the due process requirements? As noted previously, the Appellee's Texas petition mentions a "series of transactions" culminating in a telephone agreement to purchase bonds. The Final Judgment entered by the Texas court (the judgment filed by the Appellee in the Oklahoma County District Court) states that the matter came on for hearing, the plaintiff (Appellee) appeared by its attorney, that the defendant (Appellant) failed to appear, and that the court proceeded to hear evidence, and having heard the evidence, entered judgment for the plaintiff for breach of contract.

It has been recognized that each case involving a minimum contacts question must be determined on its own facts. *Southwest Offset, Inc. v. Hudco Publ. Co., Inc.*, 622 F.2d 149 (5 Cir. 1980); *CMI Corp. v. Costello Const. Corp.*, 454 F.Supp. 497 (D.Okla.1977). With respect to the Texas long-arm statute, the Texas Court of Civil Appeals in *U-Anchor Advertising, Inc. v. Burt*, 544 S.W.2d 500, 502, aff'd 553 S.W.2d 760 (Tex.1977), cert. den. 434 U.S. 1063, 98 S.Ct. 1235, 55 L.Ed.2d 763 stated:

> It is not enough, however, that the facts of a case fit into the provision of art. 2031b, § 4. If they do, the court must still determine whether *under the facts of the particular case*, the exercise of jurisdiction over a non-resident defendant offends the due process requirements of the Fourteenth Amendment to the United States Constitution. (Emphasis supplied.)

The Texas Supreme Court, in affirming the Court of Civil Appeals, also recognized that an ad hoc determination is required in stating:

> Narrow factual determinations will often suffice to swing the due process pendulum. Here, as elsewhere, important constitutional questions prove immune to solution by checklist. 553 S.W.2d, at 764.

The Appellee, by affidavit and photostat copies of various bank records (attached to his petition for rehearing in the Court of Appeals), alleges that the Appellant has conducted a substantial amount of business with the Appellee-Bank in the past and that the contract for the purchase of bonds was only one of many contacts that the Appellant has had with the Texas bank.

 The type and number of contacts alleged by the Appellee may well satisfy the minimum contacts requirement set forth by the United States Supreme Court. Although we cannot determine whether these allegations are true or whether the Texas court considered them before rendering its judgment, we will follow the rule set forth in *In re Crouch's Estate*, 191 Okl. 74, 126 P.2d 994, 996 (1942);

> [W]here a judgment of a court of general jurisdiction is attacked collaterally, every fact not negatived by the record is presumed in support of the judgment, and where the record is silent, it will be presumed that the jurisdictional facts were duly proved.

In *Siebert v. Shockley*, 509 P.2d 131 (Okl. 1973), we followed this rule in finding that an Arizona default judgment upon which the plaintiff sought to recover in an Oklahoma court was sufficient to withstand the challenge of the defendant that the judgment did not affirmatively show that the Arizona court had jurisdiction over the defendant. In *Siebert*, we noted the recitals made in the Arizona judgment, which were much like the recitals made in the Texas judgment in the case at bar.

With respect to the effect of recitals in a judgment and the rest of the record, the Texas Court of Civil Appeals stated in *Allen v. Bolton*, 416 S.W.2d 906, 911 (Tex.Civ. App.1967):

> [R]ecitations in the judgment control the rest of the record, and when the judgment is regular on its face, and does not *affirmatively* show lack of jurisdiction of the court to enter the same, *all presumptions favor the validity of the judgment* . . . . (Emphasis supplied.)

We do not find that the Texas judgment *affirmatively* shows that the Texas court lacked in personam jurisdiction over the defendant (due to a lack of minimum contacts between Texas and the defendant). We would therefore presume that the judgment is valid. However, that presumption is rebuttable, leading us to the next issue.

We have recognized the rule that a judgment from another state may be impeached for want of jurisdiction by extrinsic evidence. *Bush v. Bush*, 299 P.2d 155 (Okl.1956). In the trial court, the Appellant neither raised nor produced extrinsic evidence concerning the minimum contacts issue when he asserted there that the Texas court lacked in personam jurisdiction to render the default judgment. It was his burden to do so. *Galbraith & Dickens Aviation Ins. Agency v. Gulf Coast Aircraft Sales, Inc., supra.* As a general rule, issues not presented to the trial court will not be considered on appeal. Lack of due process claims are an exception to that rule. However, due process claims involving minimum contacts for long-arm statutes and in personam jurisdiction require factual determinations, as noted previously. We therefore remand this cause to the District Court to allow the Appellant and Appellee to present evidence on this issue.

With respect to the service of process issue, we reinstate that portion of the Court of Appeals opinion of December 29, 1981, which affirmed the trial court's ruling on that issue.

All of the Justices concur.