William G. HULL and Rebecca J. Hull, Appellants (Plaintiffs),

v.

BUFFALO FEDERAL SAVINGS & LOAN ASSOCIATION, Appellee (Intervenor),

and

James O. Yearyean and Earl D. Snyder, Successors in Interest to Michael W. Hull and Cornelia S. Hull, Appellees (Defendants).

No. 5818.

Supreme Court of Wyoming.

April 20, 1983.

Robert W. Schrader, Buffalo, for appellants.

Dennis M. Kirven of Kirven & Kirven, Buffalo, for appellee, Buffalo Federal Sav. & Loan Ass'n.

Blair Klein, Buffalo, for appellees, James O. Yearyean and Earl D. Snyder.

Before ROONEY, C.J., and RAPER, THOMAS, ROSE and BROWN, JJ.

ROONEY, Chief Justice.

William G. Hull and Rebecca J. Hull, appellants-plaintiffs, appeal from the order of the district court vacating the writ of execution issued on an Ohio municipal court "Certificate of Judgment" and enjoining the sheriff from levying on any property pursuant to a writ of execution based on the "Certificate of Judgment." On appeal, appellants contend that the district court erred in holding that the "Certificate of Judgment" did not comply with the requirement of the Uniform Enforcement of Foreign Judgments Act, § 1–17–701 et seq., W.S.1977, i.e. that it was not a properly authenticated copy of the foreign judgment which is required to be filed with the clerk of the district court.

We affirm.

On November 15, 1979, appellants caused a "Certificate of Judgment" prepared by a deputy clerk of an Ohio municipal court to be filed with the clerk of the district court for Johnson County. The "Certificate of Judgment," a printed form with blanks for pertinent information, indicates that Cambridge Production Credit Association was the plaintiff and obtained a judgment of $9,933.80 plus costs and interest against Michael W. Hull, et al., the defendants. It also indicates that William G. Hull and Rebecca J. Hull are the judgment creditors and that Michael W. Hull and Cornelia S. Hull are the judgment debtors. The "Certificate of Judgment," under court seal, indicates that the foregoing information was taken and copied from the original records of the Ohio municipal court.

On July 19, 1982, appellants filed a precipe for execution, and the clerk of the district court issued a writ of execution. The sheriff levied upon real property purportedly owned by Michael W. Hull and Cornelia S. Hull on the date the "Certificate of Judgment" was filed, and the property was subsequently purchased by James O. Yearyean and Earl D. Snyder, appellees-defendants. Buffalo Federal Savings & Loan Association, appellee-intervenor, was permitted to intervene because of its position as purchase-money mortgagee of the property and raised the question of whether or not the "Certificate of Judgment" was entitled to enforcement pursuant to the procedures of the Uniform Enforcement of Foreign Judgments Act, supra.

Section 1–17–703, W.S.1977, provided as follows:[1]

"A *copy* of any foreign judgment authenticated in accordance with the act of Congress or the statutes of this state may be

[1]. Section 1–17–703 was amended subsequent to the filing of the "Certificate of Judgment" in this case. Section 2, Ch. 25, S.L. of Wyoming 1980. However, the requirement that a properly authenticated copy of the foreign judgment be filed was not changed by the amendment. See § 1–17–703, W.S.1977, Cum.Supp.1982.

filed in the office of the clerk of any district court of this state. The clerk shall treat the foreign judgment as a judgment of the district court of this state. A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a district court of this state and may be so enforced or satisfied." (Emphasis added.)

It requires that a properly authenticated copy of a foreign judgment be filed with the district court in order for the party seeking to enforce the judgment to utilize the simplified procedures of the Uniform Enforcement of Foreign Judgments Act, supra.[2] In this case we are called on to decide whether the Ohio municipal court's "Certificate of Judgment" meets the requirement of § 1–17–703, supra, that a "copy" of the foreign judgment be filed.

The term "copy" has been defined as follows:

"A transcript, double, imitation, or reproduction of an original writing, painting, instrument, or the like." Black's Law Dictionary (5th ed. 1979), p. 303.

" * * * The word ' "copy" implies that the instrument so labeled is identical with another instrument.' In re Janes' Estate, 18 Cal.Sup.,2d 512, 516, 116 P.2d 438, 441 [1941]. * * * " Blatz v. Travelers Ins. Co., Hartford, Conn., 272 A.D. 9, 68 N.Y. S.2d 801, 806 (1947).

" * * * We are convinced that a copy of that instrument can consist only in a reproduction of the words of which it is composed in the same relation as they are there found, and thus, as a necessary

consequence, in the language in which it is written. * * * " Rasmussen v. Baker, 7 Wyo. 117, 141, 50 P. 819, 825, 38 L.R.A. 773 (1897).

The "Certificate of Judgment" does not fit these definitions of "copy." It is not identical with the original judgment which Rule 58, Ohio Rules of Civil Procedure, Ohio Rev. Code Ann. (Baldwin), requires to be signed by the judge.[3] There is no provision on the form for a judge's signature. It is not a reproduction of the words of the original judgment. Rather, it is a printed form designed to meet Ohio's statutory requirements for the establishment of a lien upon lands of a judgment debtor, § 2329.01 et seq., Ohio Rev.Code Ann. (Baldwin),[4] with blanks to be filled in by a clerk of court.

Our conclusion is supported by numerous cases containing references to the original judgments. Light v. Light, 12 Ill.2d 502, 147 N.E.2d 34, 42 (1958) (" * * * setting out the foreign judgment or decree in full in the final order entered in the Illinois court * * * "); Hickman v. Frerking, 4 Kan. App.2d 590, 609 P.2d 682 (1980) (portions of divorce decree set out in the opinion); Brockman Equipment Leasing, Inc. v. Zoller, 3 Kan.App.2d 477, 596 P.2d 827 (1979) (journal entry of default judgment set out in the opinion); and Everson v. Everson, 494 Pa. 348, 431 A.2d 889 (1981) (portion of divorce decree set out in the opinion). It is also supported by § 2329.02, Ohio Rev.Code Ann. (Baldwin), which refers twice to the use of a certificate or a certified copy of the judgment.

2. Section 1–17–707, W.S.1977, Cum.Supp.1982, retains the judgment creditor's right to bring an action to enforce his judgment.

3. Rule 58, Ohio Rules of Civil Procedure, Ohio Rev.Code Ann. (Baldwin), provides:

"Subject to the provisions of Rule 54(B), upon a general verdict of a jury, or upon a decision announced, the court shall promptly cause the judgment to be prepared and, the court having signed it, the clerk shall thereupon enter it. A judgment is effective only when filed with the clerk for journalization.

Entry of the judgment shall not be delayed for the taxing of costs."

4. In Ohio, a certificate of judgment is filed in the office of the county recorder to perfect a lien on lands and tenements in the county. It is issued by the clerk of the court in which the judgment is rendered. The Uniform Enforcement of Foreign Judgments Act does not contain a similar proceeding. It refers specifically to the "copy of any foreign judgment" as that which must be filed and the Ohio "Certificate of Judgment" is not a "copy of any foreign judgment."

The order of the district court vacating the writ of execution based on the Ohio "Certificate of Judgment" and enjoining the sheriff from levying on any execution based on the "Certificate of Judgment" is affirmed.