**FIRST REPUBLICBANK MINERAL WELLS, Appellant,**

v.

**GENERAL FORGING DIE, INC., Defendant,**

and,

**Rodger Coday, individually, Appellee.**

**No. 72640.**

Court of Appeals of Oklahoma, Division No. I.

Oct. 30, 1990.

As Corrected Nov. 8, 1990.

F. Mack Greever, Claremore, for appellant.

Ronald E. Berry, Catoosa, for appellee.

MEMORANDUM OPINION

ADAMS, Presiding Judge:

Appellee Rodger Coday (Coday), an Oklahoma resident, went to Texas to negotiate terms for assumption of a note by a soon-to-be-formed corporation. Coday contends that when First Republicbank Mineral Wells (Bank) requested his personal guaranty, he refused to give one and left. Sub-

sequently, General Forging Die, Inc. (General) was formed. Bank approved a corporate loan. Loan documents were signed in Oklahoma by Coday as General's agent and returned to Bank by mail.

When General did not pay the note, Bank filed suit in the District Court of Palo Pinto County, Texas. In support of its suit, Bank presented a promissory note to General signed by Coday and a continuing guaranty for a limited amount ($10,000) purportedly executed by Coday. Neither Coday nor General appeared personally or was represented by counsel in the Texas suit. On their default, Bank obtained a joint and several judgment against General and Coday, individually, for the amount then due on the promissory note ($34,-339.69), plus prejudgment interest ($5303.80), post judgment interest, and attorney fees ($4,000). The Texas judgment was duly and properly filed with the District Court of Rogers County, Oklahoma.

In response to the notice required under the Uniform Enforcement of Foreign Judgments Act, 12 O.S.1981 § 719, et seq., Coday and General each filed a motion to dismiss the foreign judgment. Coday asserted the Texas court never obtained personal jurisdiction over him as an individual. He admitted executing the note as an officer of General, but denied execution of any guaranty, and alleged the guaranty signature was a forgery. The trial court overruled the motion to dismiss by General, and granted dismissal as to Coday, finding Texas courts had no jurisdiction over Coday individually. The ruling as to General is not a subject of this appeal.

■ Bank contends the trial court erred in allowing Coday to present evidence that he did not sign the guaranty since this evidence went to the merits of the case. Bank asserts the Texas judgment is *res judicata*, and the trial court should not have permitted inquiry into the merits. Further, in considering such evidence, Bank asserts the trial court failed to give full faith and credit to the Texas judgment pursuant to 12 O.S.1981 § 719, et seq.

■ Oklahoma is not required to give full faith and credit to foreign judgments where such judgments are rendered without jurisdiction over the parties. U.S. Const., Art. 4, § 1; *Britton v. Gannon*, 285 P.2d 407 (Okla.1955), cert. den., 350 U.S. 886, 76 S.Ct. 140, 100 L.Ed. 781 (1955). In *Pettit v. American Nat. Bank of Austin*, 649 P.2d 525 (Okla.1982), the Oklahoma Supreme Court notes:

> ... a rebuttable presumption exists that a foreign court rendering judgment sought to be enforced has jurisdiction and that the judgment is prima facie valid, *unless the contrary is shown by proof or by the record itself. Allen v. Allen*, 201 Okl. 442, 209 P.2d 172 (1949), cert. den. 336 U.S. 956, 69 S.Ct. 891, 93 L.Ed. 1110. The regularity and validity of a foreign judgment, including issues concerning the foreign court's jurisdiction, should be tested by the law of the jurisdiction where the judgment was rendered. *Galbraith & Dickens Aviation Ins. Agency v. Gulf Coast Aircraft Sales, Inc.*, 396 So.2d 19 (Miss.1981) (using Oklahoma law on minimum contacts question); *Associates Financial Services Co. Inc. v. McPeek*, 222 Va. 176, 278 S.E.2d 847 (1981); *Fischer v. Kipp*, 177 Kan. 196, 277 P.2d 598 (1954). [Emphasis in original.]

Thus, we look to Texas law to determine whether the Texas court could properly exercise personal jurisdiction over Coday as an individual.

In its Texas suit, Bank contended Coday, as an individual, engaged in business with it by executing a guaranty, subjecting him to long-arm jurisdiction pursuant to Tex. Civil Practice & Remedies Code § 17.044. Texas courts may acquire jurisdiction when a non-resident contracts, by mail or otherwise, with a Texas resident and either party is to perform all or part of the contract in Texas. Tex.Civil Practice & Remedies Code § 17.042; *Accord, U-Anchor Advertising, Inc. v. Burt*, 553 S.W.2d 760 (Tex. 1977).

Bank contends service herein was proper under the long-arm statute, and that the trial court should have inquired no further. There is no question of the propriety of the service of process or its strict compliance

with Texas statutory requirements. However, Bank ignores a threshold question. As is recognized in *Meriwether & Associates, Inc. v. Aulbach,* 686 S.W.2d 730 (Tex. App.1985):

Where the jurisdiction of the Texas court rests on the fact that defendant entered into a contract with a resident of Texas to be performed in whole or in part by either party in Texas, it is clear that the non-resident can defeat the attempted exercise of "long-arm" jurisdiction by the Texas court by proving that he entered into no contract with a resident of Texas. The fact that the existence of the contract is also a fact which plaintiff must prove in order to impose liability on the defendant, cannot operate to deprive the defendant of his right to prove the non-existence of such contract in order to avoid the attempted exercise by the Texas court. . . .

\* \* \* \* \* \*

. . . The fact that the showing of the absence of the factual basis for exercise of jurisdiction also tends to show the absence of liability is irrelevant, [sic] cannot in any way limit the right of defendant to establish the non-existence of the essential jurisdictional fact.

If a non-resident shows he has no contract with a Texas resident, there is no basis for jurisdiction. Without the underlying transaction, service may be technically correct, but be of no avail. Coday was entitled to show that the threshold question, whether he had conducted business as an individual within Texas, should be answered "no".

At hearing Coday testified he never intended to guarantee the corporate debt and never negotiated with Bank concerning the possibility. He testified that when a loan officer indicated Bank wanted a personal guaranty from him, " . . . I told him no and just got up and walked out." Referring to the same incident, Coday said, "I didn't do anything I shouldn't, but I got up and walked out. I mean I stormed out of his bank. I told him I wasn't interested." According to his testimony, Bank later contacted him by telephone to negotiate and finalize the corporate note. Coday denied

ever executing the guaranty. Bank offered no evidence contradicting Coday's testimony. Under the uncontroverted evidence, as an individual Coday never contracted by mail or otherwise with a Texas resident.

In *Meriwether,* plaintiff sued a non-resident corporation and its president for failing to fully pay for performance rendered under a contract for computer services. The president, Aulbach, successfully proved to the Texas trial court that he acted only on behalf of his employer, not as an individual. The Texas trial court dismissed the case against Aulbach for lack of jurisdiction. On appeal, the Fourth Court of Appeals, San Antonio, noted:

An agent is not a party to, nor individually liable on, a contract he enters into on behalf of his principal. It is the principal who enters into the contract. *Medical Personnel Pool of Dallas, Inc. v. Seale,* 554 S.W.2d 211, 213 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.); *Talmadge Tinsley Co. v. Kerr,* 541 S.W.2d 207, 208–209 (Tex.Civ.App.—Dallas 1976, writ ref'd n.r.e.). When an agent arrives in Texas to negotiate a contract for his principal, only the principal does business in the state. The agent, having entered into no contract, has done no business in Texas, and, therefore, has done no act nor has he consummated a transaction in Texas.

686 S.W.2d at 731.

■ Following Texas law, on this record we must conclude that Coday did not subject himself as an individual to Texas court jurisdiction by executing the promissory note as an agent for General. Coday's evidence established that he did not execute the guaranty agreement, and he performed no other acts in Texas connected with this transaction which would subject him as an individual to that court's jurisdiction. He successfully rebutted the presumption of validity of the Texas judgment. The trial court did not err in sustaining his motion to dismiss.

■ Bank contends the trial court erroneously relied on the provisions of 12 O.S.

1981 § 713 and § 714, (the Uniform Foreign Money Judgments Act). Although Coday cited these provisions to the trial court, Bank asserted their inapplicability and urged that its judgment was enforceable pursuant to 12 O.S.1981 § 719, et seq. There is nothing in the order which indicates the trial court relied on the Uniform Foreign Money Judgments Act. Where both inapplicable and applicable statutes are presented for the trial court's consideration by the parties, this court will not presume the order is based upon the inapplicable statutes when the trial court has reached a correct result. *See Russell v. Flanagan,* 544 P.2d 510 (Okla.1975).

AFFIRMED.

BAILEY and MacGUIGAN, JJ., concur.