**Kurt D. BOTTLES, M.D., Medical License No. 17375, Appellant,**

v.

**STATE of Oklahoma, ex rel., OKLAHOMA STATE BOARD OF MEDICAL LICENSURE AND SUPERVISION, Appellee.**

**No. 83757.**

Supreme Court of Oklahoma.

May 7, 1996.

D.C. Thomas, Oklahoma City, for Appellant.

Drew Edmondson, Attorney General, James Robert Johnson, Assistant Attorney General, Oklahoma City, for Appellee.

HODGES, Justice.

## I. ISSUES

█ The issues presented to this Court are (1) whether the findings of the Oklahoma State Board of Medical Licensure and Supervision (Board) are sufficient to support the Board's conclusions of law and allow meaningful review, (2) whether the proper standard of proof in proceedings for license revocation before the Board is a preponderance of the evidence and, if so, whether the Board was required to promulgate a rule establishing this standard, and (3) whether the appellant, Kurt D. Bottles, was denied his due process rights by the Board's imposing time constraints on the proceedings, using different persons to chair the hearing, and denying Bottles permission to present three of his witnesses. We find that the proper standard of proof in professional license revocation is clear and convincing. Because we reverse based on the standard of proof, we need not address the remaining issues.

## II. FACTS

On July 27, 1993, a complaint was filed against Bottles and an amended complaint was filed on September 27, 1993. A hearing was set for October 1, 1993, but was continued several times. The hearing was held on May 13 and 14. At the conclusion of the hearing, the Board announced it was ordering Bottles' license revoked. The Board used the preponderance of the evidence standard in reaching its decision. The Board then issued an order memorializing its decision.

## III. Standard of Proof

Dr. Bottles takes the position his due process rights were violated because the Board used a preponderance-of-the-evidence standard of proof rather than the clear-and-convincing standard and because the Board failed to have a properly enacted written rule establishing the standard. The Board argues that Bottles waived his right to contest the standard of proof because he failed to present the issue before the Board. The Board argues in the alternative the proper standard of proof is a preponderance of the evidence.

█ Generally, this Court will not address an issue not raised in the tribunal below. *Pettit v. American Nat'l Bank,* 649 P.2d 525, 529 (Okla.1982); *Simons v. Brashears Transfer and Storage,* 344 P.2d 1107, 1113 (Okla. 1959). We have recognized exceptions to this rule where the public interest and welfare requires, *Simons,* 344 P.2d at 1113; *First Fed. Sav. and Loan v. Nath,* 839 P.2d 1336, 1339 n. 11 (Okla.1992), and where due process claims are raised. *Pettit,* 649 P.2d at 529. Because this issue falls within the exceptions, we will consider it.

█ We recently addressed this issue in *Johnson v. Board of Governors of Registered Dentists of the State of Oklahoma,* 913 P.2d 1339 (Okla.1996). In *Johnson,* this Court held that the constitutionally mandated standard of proof in disciplinary cases involving a professionally licensed person was clear-and-convincing evidence. The Board has given

no reason why this Court should digress from this standard in the present case.

## IV. Conclusion

The Board improperly applied the preponderance-of-the-evidence standard rather than the clear-and-convincing-evidence standard. For this reason, we reverse the decision of the Board and remand the matter to the Oklahoma State Board of Medical Licensure and Supervision.

REVERSED AND REMANDED.

ALMA WILSON, C.J., KAUGER, V.C.J., and HARGRAVE and OPALA, JJ., concur.

SIMMS, J., concurs in Judgement.

LAVENDER, SUMMERS and WATT, JJ., dissent.